718 P.2d 1242

**IDAHO MIGRANT COUNCIL, INC., an Idaho private Nonprofit corporation, Plaintiff-Counterdefendant-Appellant,**

v.

**The NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, a Wisconsin corporation, Defendant-Respondent,**

**and**

**Ronald K. McLean, District Agent, individually and in his capacity as District Agent, Defendant-Counterclaimant-Respondent.**

No. 16155.

Court of Appeals of Idaho.

April 11, 1986.

Dennis H. Milbrath, Boise, for plaintiff-counterdefendant appellant.

Philip A. Peterson and James R. Schiller, Nampa, for respondents.

HUNTLEY, Judge Pro Tem.

The Idaho Migrant Council, Inc., (IMC) appeals the district court's order granting a judgment on the pleadings against IMC in its suit for damages allegedly resulting from breach of an orally modified lease. IMC, the landlord, contends that the pleadings allege sufficient facts to state a cause of action against the would-be tenant, respondent Northwestern Mutual Life Insurance, Co., et al. (Northwestern). We vacate the district court's order and remand for further proceedings.

Northwestern brought its motion for judgment on the pleadings under I.R.C.P. 12(c), which is identical to the federal rule of the same number. The motion for judgment on the pleadings in favor of Northwestern must be vacated unless it is clear that IMC is entitled to no relief. *Susman v. Lincoln American Corp.*, 517 F.Supp. 931, 934, n. 7 (N.D.Ill.1981). We must assume that all facts alleged in IMC's complaint are true and draw in IMC's favor all reasonable inferences from those facts. *Quality Mercury Inc. v. Ford Motor Co.*, 542 F.2d 466, 468 (8th Cir.1976), *cert. de-*

*nied,* 433 U.S. 914, 97 S.Ct. 2986, 53 L.Ed.2d 1100 (1977). The district court erred in granting judgment on the pleadings if, given the above considerations, IMC's allegations are sufficient to permit recovery against Northwestern. *Susman,* 517 F.Supp. at 934, n. 7. We move on to examine IMC's allegations.

IMC owns a retail and commercial building, the El Mercado, in Caldwell, Idaho. On January 30, 1984, Northwestern entered a written five-year lease with IMC for office space in the El Mercado.[1] The building was not completed when IMC and Northwestern entered into the lease.

In mid-December 1984, Northwestern informed IMC's marketing agent that Northwestern's office space requirements had decreased. Originally, the lease called for IMC to provide Northwestern with 1,984 square feet of office space which was to be laid out according to Northwestern's design specifications. In mid-December, IMC orally agreed to Northwestern's oral request to reduce Northwestern's office space to 1,694 square feet and change the layout of the space, with all other terms of the lease remaining the same.

The lease required IMC to deliver possession within 60 days of November 1, 1984—i.e., on or before December 31, 1984. Due to construction delays, IMC was unable to deliver possession by the deadline date. This failure placed IMC in breach of the lease as written. However, on several occasions prior to December 31, 1984, Northwestern orally agreed to change the commencement date of the lease to February 1, 1985, and stated that the latter date would better suit its convenience.

Further, on January 9, 1985, IMC entered a contract to improve the proposed

---

1. The pertinent sections of the lease are as follows:

    *Term:* The term hereof shall commence on November 1, 1984 and expire on November 1, 1989.

    *Possession:* If lessor is unable to deliver possession of the premises at the commencement hereof, lessor shall not be liable for any damage caused thereby, nor shall this lease be

void or voidable, but lessee shall not be liable for any rent until possession is delivered. Lessee may terminate this lease if possession is not delivered within sixty (60) days of the commencement of the term hereof.

    *Entire Agreement:* The foregoing constitutes the entire agreement between the parties and may be modified only by a writing signed by both parties....

office space, at a cost of $10,500, in reliance on Northwestern's request to reduce the size of the office space and on Northwestern's representation that it would accept the February 1, 1985 commencement date. This contract required completion of the improvements by January 25, 1985.

On January 11, 1985, Northwestern's agent toured the premises with IMC's agent. Northwestern did not assert during the tour that any possession deadline had passed. IMC informed Northwestern during the tour that IMC had entered the improvement contract, and Northwestern did not ask IMC to cancel the contract. Northwestern gave no indication that it intended to cancel the lease. By letter dated January 17, 1985, Northwestern first notified IMC of its intent to terminate the lease based on a breach of the possession clause. IMC then filed this action.

## I. WAIVER

■ We hold that IMC has alleged sufficient facts to state a cause of action for breach of contract, based on its position that Northwestern impliedly waived the November 1, 1984 commencement date of the lease and the December 31, 1984 possession deadline.

Waiver is the voluntary relinquishment of a known right. *Minidoka County v. Krieger,* 88 Idaho 395, 411, 399 P.2d 962, 972 (1965). We have found no reason why a clause requiring contract modifications be in writing, or a clause stating the time for commencement of a lease, may not be waived. *See Perry v. Perry,* 551 P.2d 256, 257 (Okl.1976) (stating that rights conferred by contract may be waived). Further, a waiver need not be express but may be implied from conduct. More specifically, an implied waiver occurs where a party's neglect to insist upon enforcing a right results in prejudice to another party. *Altman v. Alaska Truss & Manufacturing Company, Inc.,* 677 P.2d 1215, 1223 (Alaska 1983); *Reiter v. Yellowstone County,* 627 P.2d 845, 850 (Mont.1981); *Milne v.*

*Anderson,* 576 P.2d 109, 112 (Alaska 1978). Finally, to impose the equitable doctrine of waiver, there must be "direct, unequivocal conduct indicating a purpose to abandon or waive the legal right or acts amounting to an estoppel by the party whose conduct is to be construed as a waiver." *Milne,* 576 P.2d at 112.

As noted, implied waiver consists of two elements: (1) reliance by the party seeking to assert a waiver; and (2) direct and unequivocal conduct indicating a waiver. The facts alleged in IMC's complaint are sufficient to satisfy both of these elements. IMC relied to its detriment on the February 1 commencement date, and Northwestern's conduct in causing the reliance was unequivocal. Northwestern arranged to have IMC redesign the premises to Northwestern's new specifications before the sixty day grace period for possession had run. At the time Northwestern requested these changes, the lease was still valid. Although IMC commenced construction on the redesigned space plan after the sixty day grace period had run, Northwestern gave IMC no notice that Northwestern intended to terminate the lease. This fact, coupled with Northwestern's conduct on the January 11 tour, gave IMC reasonable cause to rely on Northwestern's oral agreement to the February 1 commencement date.

■ IMC's alleged facts also support a claim that Northwestern waived the written "no oral modification" clause of the lease. While Northwestern did not expressly seek to modify the no oral modification clause, its conduct in accepting a February 1st possession date, together with its own oral request for a space reduction, imply that Northwestern was willing to accept oral changes in the lease.

## II. THE STATUTE OF FRAUDS

■ The Statute of Frauds, I.C. § 9–503, does not prevent IMC from claiming that Northwestern entered into a binding oral

modification of the lease. "A defendant who is induced to rely on an oral agreement and who changes position to his own detriment cannot be defrauded by a plaintiff who interposes the Statute of Frauds to declare the agreement invalid." *Roundy v. Waner*, 98 Idaho 625, 628, 570 P.2d 862, 865 (1977). Therefore, since IMC's complaint states sufficient facts on its face to support a claim of reliance, Northwestern may not interpose the Statute of Frauds on this appeal.

The district court's order granting judgment on the pleadings is vacated and the case is remanded for further proceedings consistent herewith. Costs to appellant. No attorney fees on appeal.

WALTERS, C.J., and BURNETT, J., concur.