W. JONES, Justice
I. Nature of the Case
NeYada, Inc. (“NeYada”), a Nevada corporation, appeals from the district court’s order granting summary judgment to Respondent, Marian Hoke (“Hoke”), and declaring a lease (the “Lease”) and an option to purchase (the “Option”) between the parties invalid and unenforceable. In November 2014, Hoke executed the Lease and Option with NeYada for the transfer of an interest in real property located in Canyon County, Idaho. A mere two months later, Hoke filed suit seeking to invalidate the Lease and the Option alleging, inter alia, that neither document complied with the statute of frauds. Both parties moved for summary judgment on that issue. The district court held that the Lease and Option (together, the “Contract”) were invalid and unenforceable because neither complied with the statute of frauds. Further, the district court held that the doctrine of part performance did not require the enforcement of the otherwise invalid Contract.
II. Factual and Procedural Background
Hoke, an elderly widow living in Canyon County, Idaho, is the sole trustee of the Hoke Family Trust. The Hoke Family Trust owns the property at issue, which is located at 16867 Portner Road, Nampa, Idaho (the “Property”). The Property consists of fourteen (14) mobile home lots and thirteen (13) mobile homes situated on 1.96 acres of land.[1]
The transaction between NeYada and Hoke was structured as a lease with an option to purchase. The Lease and the Option were executed on November 7, 2014. *452 The Lease was “subject to and contingent upon the Lessor entering into a written agreement with NeYada, Inc., giving them the right to purchase the subject property.” The Option, a separate document, granted NeYada the right to purchase the Property for $200,000, less a credit of $20 and a “credit for 94.6% of all monthly lease payments paid to [Hoke] under the separate Land Lease.... ”
Upon the execution of the Lease and Option, an escrow account was opened with Idaho Escrow. The escrow instructions contemplated that NeYada would pay Hoke $800 a month towards the principal of $200,000 beginning on December 15, 2014. Hoke and NeYada further agreed that Hoke owed Ne-Yada $1,610 for prorated November rent, which she had afready collected from tenants.
On November 15, 2014, Hoke toned over actual possession of the Property to NeYada along with the bills of sale for the two mobile homes. Hoke also paid NeYada $1,610, per their agreement. NeYada began managing the Property. It posted late notices and new leases on tenants’ doors, opened new accounts, paid past-due taxes, registered the mobile homes in its name, and hired a property management company. In sum, by executing the Lease and the Option, NeYada became the landlord for the tenants of the Property, but still paid rent to Hoke.
Shortly following the execution of the Contract, Hoke beeame concerned about the transaction. She consulted with an attorney, and on December 1, 2014, Hoke’s counsel mailed a letter to NeYada explaining that the Lease and Option were null and void because each, among other deficiencies, violated the statute of frauds. Further, the letter demanded that NeYada cease and desist from any further actions pertaining to the Property. Hoke instructed the tenants of the mobile homes on the Property to pay rent to her directly.
Hoke filed her complaint on January 12, 2015, seeking to invalidate the Lease and Option for, inter alia, violation of the statute of frauds. An answer and counterclaim were filed by NeYada on February 25, 2015. Therein, NeYada sought to enjoin Hoke from accepting rent from the mobile home tenants, claimed that Hoke breached the Lease and Option, and sought a declaration that the Lease and Option were valid and enforceable.
The parties each filed a motion for summary judgment. NeYada argued, inter alia, that the property descriptions in the Lease and the Option complied with the statute of frauds, and alternatively, that the doctrine of part performance took the matter outside of the statute of frauds. Conversely, Hoke argued, inter alia, that the legal descriptions attached to the Lease and Option were inadequate and void. On March 26, 2015, the parties met with the district court and agreed to submit additional briefing on the issue of whether the legal descriptions of the Property in the Lease and the Option were sufficient.
After hearing oral argument on the parties’ competing motions for summary judgment, the district court held that the Lease and Option were invalid and void due to noncompliance with the statute of frauds. Specifically, the district court held that the descriptions of the Property in the Lease and Option were inadequate. Further, the district court held that the doctrine of part performance did not require the enforcement of the otherwise invalid Contract because the claimed performance—NeYada’s rent payment—did “not constitute fully [sic] or even a substantial portion of the payments to be made under the agreements.”
On April IS, 2015, NeYada filed a motion to reconsider and to set aside judgment arguing that regardless of whether the Option was enforceable, the Lease should be enforced because “the standard to comply with the statute of frauds for a lease is entirely less strict than the legal description required for ... an option.” The district court denied the motion to reconsider, holding that the Lease and Option comprised a single transaction. The district court reasoned that because the Option was insufficient to satisfy the statute of frauds, the Lease was also invalid under the statute of frauds.
On June 2, 2015, Hoke filed a motion for turnover of the mobile home titles. NeYada appealed the judgment and the denial of the motion to reconsider on June 16, 2015. *453 Thereafter, the district court granted Hoke’s request for costs and attorney’s fees, and also ordered NeYada to turn over the two mobile home titles to Hoke. In response, NeYada filed an amended notice of appeal.
III.Issues on Appeal
1. Whether the district court erred by failing to specifically enforce the Contract via the doctrine of part performance.
2. Whether the district court erred in awarding Hoke attorney’s fees and costs.
IV.Standard op Review
The standard of review on appeal from an order granting summary judgment is the same standard that is used by the district court in ruling on the summary judgment motion. Baxter v, Craney, 135 Idaho 166, 170, 16 P.3d 263, 267 (2000). All disputed facts are to be liberally construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. Eagle Water Company, Inc. v. Roundy Pole Fence Company, Inc., 134 Idaho 626, 628, 7 P.3d 1103, 1105 (2000). Summary judgment is appropriate only when the pleadings, depositions, affidavits and admissions on file show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. I.R.C.P. 56(c).
Garner v. Bartschi, 139 Idaho 430, 433, 80 P.3d 1031, 1034 (2003).
V.Analysis
A. The district court erred by failing to specifically enforce the Contract via the doctrine of part performance,
The parties devoted a significant amount of briefing to the issue of whether the description of the Property in the Lease and Option complied with the statute of frauds. However, we decline to address that issue because this case is resolved by the application of the doctrine of part performance. Accordingly, we do not express any opinion as to the district court’s conclusion regarding the adequacy of the Property description found in the Lease, Option, or combination thereof.
In its memorandum decision and order, the district court held that NeYada’s actions did not qualify as part performance sufficient to take the matter outside of the statute of frauds. The district court referenced three instances that would weigh in favor of a finding of part performance: (1) the transfer of actual possession of the Property; (2) Hoke paying NeYada $1,610 (November’s prorated rent from the Property’s mobile home tenants); and (3) NeYada’s lease payments to the escrow account. However, based primarily on the fact that Hoke’s payment of one month’s rent—of a five year lease—did “not constitute fully [sic] or even a substantial portion of the payments to be made under the agreements,” the district court concluded that part performance had not occurred. We disagree.
Idaho Code section 9-504 provides that the statute of frauds “must not be construed to ... abridge the power of any court to compel' the specific performance of an agreement, in case of part performance thereof.” I.C. § 9-604.
Under the doctrine of part performance, when an agreement to convey real property fails to meet the requirements of the Statute of Frauds, the agreement may nevertheless be specifically enforced when the purchaser has partly performed the agreement. Bear Island Water Association, Inc. v. Brown, 125 Idaho 717, 722, 874 P.2d 528, 533 (1994). “What constitutes part performance must depend upon the particular facts of each case and the sufficiency of particular acts is matter of law.” Id. at 722, 874 P.2d at 533; (citing Boesiger v. Freer, 85 Idaho 551, 381 P.2d 802 (1963)). “The most important acts which constitute a sufficient part performance are actual possession, permanent and valuable improvements and these two combined.” Roundy v. Waner, 98 Idaho 625, 629, 570 P.2d 862, 866 (1977).
Simons v. Simons, 134 Idaho 824, 827, 11 P.3d 20, 23 (2000). Acts constituting part performance must be specifically referable to the alleged agreement. Id. (citing Boesiger v. *454 Freer, 85 Idaho 551, 557, 381 P.2d 802, 805 (1963)).
In Simons, the appellants and respondents were joint owners of certain property deeded to them by their mother. 134 Idaho at 826,11 P.3d at 22. The property was subject to foreclosure. Id. The appellants agreed to quitclaim their interest in the property to the respondents, who would then file Chapter 12 bankruptcy to save the property. Id. The agreement included an understanding that, upon the satisfaction of the debt, the respondents would convey part of the property back to the appellants. Id. Ten years later, the appellants were notified that the debt was satisfied. Id. However, the respondents refused to convey part of the property back. Id. Before this Court, the respondents argued that the agreement was barred by the statute of frauds due to, inter alia, an inadequate property description. Id. at 827, 11 P.3d at 23. Notwithstanding the statute of frauds argument, this Court applied the doctrine of part performance. Id. In doing so, this Court noted that the appellants had fully performed their part of the agreement. Id. Accordingly, tins Court affirmed the district court’s specific enforcement of the agreement. Id.
The district court erred in holding that NeYada’s actions did not qualify as part performance. Case law clearly indicates that the action of the purchaser may remove a contract from the strictures of the statute of frauds. Bear Island Water Ass’n, Inc. v. Brown, 125 Idaho 717, 722, 874 P.2d 528, 533 (1994); Hoffman v. S V Co., Inc., 102 Idaho 187, 191, 628 P.2d 218, 222 (1981). Yet, the district court's sole focus was on the seller, Hoke. Specifically, the district court considered only Hoke’s turning over of possession, payment of November’s rent, and acceptance of lease payments. The district court should have considered NéYada’s actions; namely, opening an escrow account, managing the Property, and—most importantly—receiving actual possession of the Property. All that remained to be done, under the agreement, was to make monthly payments and to transfer title upon satisfaction of the purchase price. Both of which were not scheduled to occur until a later time. Therefore, at the time this lawsuit was initiated, NeYada’s performance was essentially complete. Indeed, at oral argument, Hoke’s counsel admitted that NeYada took actual possession of the Property, and there was “probably nothing” more NeYada could have done. Such an admission undercuts Hoke’s argument against the application of the doctrine of part performance. NeYada, like the appellants in Si-mons, satisfied its obligations. All that remained to be done was to make monthly payments and to convey title. Accordingly, we vacate the district court’s holding that NeYada’s actions did not qualify as part performance.
B. Attorney’s Fees
Hoke can no longer be considered the prevailing party for purposes of awarding costs and attorney’s fees because we vacate the district court’s decision regarding part performance. Accordingly, the distinct court’s award of attorney’s fees and costs is vacated.
VI. Conclusion
We vacate the district court’s holding regarding NeYada’s part performance, vacate the district court’s award of attorney’s fees, and remand the case to the district court for further action consistent with this Opinion.
Justices EISMANN, BURDICK and HORTON concur.

. Hoke owned two of the thirteen mobile homes on the Property. Those two mobile homes were sold to NeYada in the transaction. However, after invalidating the Contract, the district court ordered NeYada to return the mobile homes to Hoke.