700 P.2d 38

David R. COPE, Plaintiff-Appellant,

v.

STATE of Idaho, the Idaho State Department of Health and Welfare, State Hospital South, Les Purce, John Morgan, George Bachik, Jeff Morrell, and Other Employees and Agents of the Idaho State Department of Health and Welfare, individually and in their official capacities, Defendants-Respondents.

No. 15426.

Supreme Court of Idaho.

April 29, 1985.

stances of appellant's injury were not exceptions to the exclusive remedy of the Worker's Compensation Act, and that appellant did not state a claim under 42 U.S.C. § 1983. This appeal followed.

Charles Johnson, III, of Johnson Olson Robinson, Chartered, Pocatello, for plaintiff-appellant.

Brian K. Julian and Kathryn A. Sticklen, of Quane, Smith, Howard & Hull, Boise, for defendants-respondents.

DONALDSON, Chief Justice.

The facts are not in dispute. In his complaint, the appellant makes the following allegations. State Hospital South (State) is a facility for the custody, care and treatment of the mentally disabled, operated by the State of Idaho. It is located in Blackfoot, Idaho, Bingham County. State presently confines about 200 mentally disabled persons. At State, appellant was employed as a Physical Therapy Technician "I." Sometime during July or August, 1982, appellant was treating a patient and was forced to lift that patient. During the process, appellant strained his back and was ordered by his treating physician to take two weeks off from work. Respondents, however, threatened to fire appellant if he didn't work during this time, even though respondents knew that appellant was disabled and that the only other staff person working in the unit at the time was a partially disabled female. Appellant, therefore, reported to work and on or about August 9, 1982, a patient at State attacked appellant by tackling or running into him while he was attending another patient. Appellant fell and was injured and underwent subsequent medical care.

The appellant received temporary disability benefits under the worker's compensation statute. Appellant alleges, however, that the benefits inadequately compensated him for his injuries. Therefore, appellant filed this independent civil action for those additional damages he sustained. The district court granted summary judgment for respondent concluding that the circum-

■ I.C. § 72–209(3) provides that an employer or its agents are exclusively liable under the worker's compensation statutes "provided that such exemptions from liability shall not apply in any case where the injury or death is proximately caused by the willful or unprovoked physical aggression of the employer, its officers, agents, servants or employees ...." In his complaint, appellant makes no assertions of physical aggression by State or its agents. Therefore, appellant's claim is barred by I.C. § 72–209(3).

■ Appellant also argues that he is constitutionally entitled to a safe place to work, that State violated that right, and, therefore, that appellant has a cause of action under 42 U.S.C. § 1983, regardless of I.C. § 72–209(3). 42 U.S.C. § 1983 provides an individual with a cause of action where a person under color of law causes another to be deprived of rights secured by the federal Constitution or the laws of the United States. However, there is no federal, constitutional right to a safe place to work. *See San Antonio School District v. Rodriquez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973) (no fundamental right to education); *Lindsey v. Normet*, 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972) (no fundamental right to safe housing). Therefore, appellant has failed to state a claim under 42 U.S.C. § 1983.

We have considered appellant's other contentions and consider them to be without merit. Therefore, the decision of the district court is affirmed.

Costs to respondent.

No attorney fees on appeal.

SHEPARD, BAKES, BISTLINE and HUNTLEY, JJ., concur.