760 P.2d 1171

Terri Lynn KEARNEY,
Plaintiff–Appellant,

v.

Tom DENKER and Kevin O'Brien dba
Evergreen Landscaping;
Defendants–Respondents,

and

Highland Equipment Company; and
Corporate Does I Thru IV,
Defendants.

No. 17062.

Supreme Court of Idaho.

Aug. 10, 1988.

E. Lee Schlender, Hailey, for plaintiff-appellant.

Quane, Smith, Howard & Hull, Boise, Brian K. Julian, argued for defendants-respondents.

JOHNSON, Justice.

This is a personal injury case involving an employee who was injured while in the course of her employment. The primary

issue presented is whether the employee may maintain a civil action against the employer for injuries that were allegedly caused by an intentional tort of the employer during the course of employment. We hold that by filing a claim for worker's compensation the employee did not waive the right she had to file this action, that there was no evidence of wilful or unprovoked physical aggression by the employer, and that the Idaho worker's compensation law does not deny the equal protection of the laws to an employee who is intentionally injured on the job by the employer. We affirm the trial court's summary judgment dismissing the employee's complaint.

## I.

### THE FACTS AND PRIOR PROCEEDINGS.

Terri Lynn Kearney (the employee) was injured while she was working for Tom Denker and Kevin O'Brien dba Evergreen Landscaping (the employer) when her right foot was partially severed by a lawn mower she was operating. The lawn mower was made up of a chassis the employer had purchased from Highland Equipment Company (Highland) and an engine that the employer had acquired separately. When the employer received the lawn mower chassis from Highland, a flywheel safety device and a grip that would shut the engine off when the operator's hands came off the handlebars were included in the parts shipped with the chassis. The employer did not install these safety devices on the lawn mower because the engine did not come equipped with a flywheel brake and had only a manual shut-off switch on the engine itself. The employer also did not install a grass deflector that was shipped with the chassis. The deflector would have covered an opening at the rear of the lawn mower that exposed the rotary blade and the cutting area. Instead, the employer prepared the mower so that a grass catcher could be attached that would cover this opening while the lawn mower was being operated. The employer left it to the discretion of the person operating the lawn mower whether the grass catcher was used or not. At the time the employee was injured the grass catcher was not attached to the mower to cover the opening that exposed the blade and cutting area of the mower.

The employer knew that operating the lawn mower was a hazardous job, because an employee might slip while operating it. Some of the lawn mowing was done on hillsides when the grass was wet. At the time of her injury the employee slipped while going downhill with the mower causing her foot to come in contact with the rotary blade.

Following the injury the employee filed a claim for worker's compensation. Later the employee filed this action for damages alleging that the employer was "willfully, wantonly and grossly negligent, which negligence was so extreme as to be substantially certain to injure someone." The employee alleged that the employer did not use the proper engine or safety devices on the lawn mower, and that the employer knew that the engine "did not have upon it a rotary blade safety or clutch mechanism, nor any automatic cut-off switch attached thereto, to shut the engine off in the event of an operator slip or fall," and that the employer did not place the safety devices on the chassis that were contained in the parts shipped with it. The employee also alleged that the employer "knew with certainty that the operation of a rotary lawn mower of this type and size, commercial in nature, was and is exceedingly dangerous and that without some type of safety shut-off mechanism in the event of an operator slip or fall, an injury was and is certain to occur," and that "there is no difference between an intentional, willfull act of direct harm and removal of all safety devices on a commercial lawn mower and modifications thereof, making injury certain." The employee asserted that if the worker's compensation law were applied and interpreted to deny her the right to recover damages from the employer, it would violate her legal rights and deprive her "of the rights, privileges and immunities secured by the Constitution of the United States."

The employer moved for summary judgment. The trial court found that there was no genuine issue of fact and concluded that the employer was entitled to summary judgment as a matter of law dismissing the complaint. The employee has appealed the order granting summary judgment.

## II.

BY FILING A WORKER'S COMPENSATION CLAIM THE EMPLOYEE DID NOT WAIVE THE RIGHT TO FILE AN ACTION FOR WILFUL OR UNPROVOKED PHYSICAL AGGRESSION OF THE EMPLOYER.

Generally, the Idaho worker's compensation law provides the exclusive remedy for injuries arising out of and in the course of employment. I.C. §§ 72–201, 72–209 and 72–211; *Wilder v. Redd,* 111 Idaho 141, 142, 721 P.2d 1240, 1241 (1986); *Yeend v. United Parcel Service, Inc.,* 104 Idaho 333, 334, 659 P.2d 87, 88 (1983). There is an exception from this exclusivity "in any case where the injury or death is proximately caused by the wilful or unprovoked physical aggression of the employer, its officers, agents, servants or employees." I.C. § 72–209(3).

■ The filing of a claim for worker's compensation, such as the employee did in this case, merely notifies an employer of an injury for which the employee seeks compensation. No proceeding before the Industrial Commission for worker's compensation may be maintained unless the claim has been filed in a timely fashion. I.C. § 72–701. Only if the employee is entitled to worker's compensation is the employee excluded from "all other rights and remedies ... at common law or otherwise." I.C. § 72–211. Until it is determined that the employee is entitled to worker's compensation the employee may seek other remedies, such as damages for injuries not subject to the exclusive remedies of the worker's compensation law. If the employee is unable to prove that the injury was caused by the wilful or unprovoked physical aggression of the employer, the employee will not be entitled to damages. The filing of a worker's compensation claim does not constitute a waiver by the employee of the right to attempt to prove that the injury was caused by the wilful or unprovoked physical aggression of the employer. To put the employee to the election of not filing a worker's compensation claim in order to attempt to prove the liability of the employer is not required either by the language of the worker's compensation law or by its spirit. Therefore, we hold that the filing of a worker's compensation claim by the employee did not foreclose the employee's filing of this action.

## III.

SUMMARY JUDGMENT WAS PROPER.

The employee contends that the Idaho worker's compensation law does not foreclose an employee from recovering damages in a civil action against an employer for injury caused to an employee by an intentional tort of the employer while the employee is in the course of employment. The employee also asserts that this rule should be extended to include negligent acts committed by the employer where there is a substantial certainty that injury to the employee will occur.

■ Our worker's compensation law is a legislatively prescribed exclusive system of compensation for employees who are injured on the job. The legislature has provided in I.C. § 72–209(3) that the law does not exempt an employer from liability for injury caused by the wilful or unprovoked physical aggression of the employer. The word "aggression" connotes "an offensive action" such as an "overt hostile attack." *Webster's Third New International Dictionary* 41 (1969). To prove aggression there must be evidence of some offensive action or hostile attack. It is not sufficient to prove that the alleged aggressor committed negligent acts that made it substantially certain that injury would occur.

■ There was no evidence presented to the trial court in this case that the employer wilfully or without provocation physically and offensively or hostilely attacked the employee. In the absence of this evidence

there was no genuine issue of material fact, and the trial court was justified in granting summary judgment against the employee. I.R.C.P. 56(c); *Cope v. State,* 108 Idaho 416, 417, 700 P.2d 38, 39 (1985).

## IV.

## THE WORKER'S COMPENSATION LAW DOES NOT DEPRIVE AN EMPLOYEE WHO IS INTENTIONALLY INJURED OF EQUAL PROTECTION OF THE LAWS.

█ The employee contends that she has been denied equal protection of the laws because I.C. § 72–208 denies compensation to an employee who wilfully intends to injure herself, while I.C. § 72–209(3) does not exempt from the exclusivity of the worker's compensation law the injury of an employee through the negligent acts of an employer that made it substantially certain that the injury would occur. We find no merit in this argument. Both I.C. § 72–208 and § 72–209(3) require an intention to injure the employee. Therefore, there is no discrimination even requiring an equal protection clause analysis.

## V.

## CONCLUSION.

We affirm the order of the trial court granting summary judgment against the employee and dismissing the employee's complaint.

Costs to respondents.

No attorney fees on appeal.

SHEPARD, C.J., and BAKES and BISTLINE, JJ., concur.

HUNTLEY, Justice, concurring specially.

I concur with the majority opinion with the caveat that there can be instances where an employer's knowing ordering of an employee into an unsafe working environment would, in my judgment, rise to the level of wilful physical aggression.

The issue is whether conduct which lacks a *specific* intent to injure can properly be termed intentional under the terms of I.C. § 72–209(3). As noted by the Court in *Jones v. VIP Development,* 472 N.E.2d 1046 (Ohio 1984),

> [A]n intentional tort is an act committed with the intent to injure another, *or committed with the belief that such injury is substantially certain to occur.* See 1 Restatement of the Law 2d, Torts (1965) 15, Section 8A. We hereby reject the proposition that a specific intent to injure is necessary to a finding of intentional misconduct. (Emphasis added.)

1 Restatement of the Law 2d, Torts (1965) 15, Section 8A reads:

> The word "intent" is used throughout the Restatement of this Subject to denote that the actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it.

In the instant case there is no evidence to demonstrate that the employer knew the employee would operate the machine without the grass catcher affixed, which installation would have covered the opening in the chassis which exposed the blade.