HORTON, J.,
specially concurring.
Although I join in the result reached by the Court, I am unable to completely join with my colleagues as to the meaning of the phrase “willful or unprovoked physical aggression.” I do not view it necessary to define “willful” or “unprovoked” to resolve this appeal. However, as the Court has deemed it appropriate to do so, I would like to make it clear that I completely concur with the Court’s continued reliance on Kearney v. Denker, 114 Idaho 755, 760 P.2d 1171 (1988). I further agree with the Court that that words “willful” and “unprovoked” modify the term “physical aggression.” Finally, I concur with the Court’s conclusion that “the term ‘willful’ when applied to ‘physical aggression’ requires that an employer deliberately or purposefully commit an act of physical aggression against an employee.”
My disagreement lies in the Court’s holding that “[a]n act of ‘unprovoked physical aggression’ ... is one lacking in motive, deliberation, or specific purpose” which the Court equates with a “general intent to injure.” This holding derives from reliance on a dictionary definition of “unprovoked” (“to rid of a motive, desire, or capability”) that is incompatible with the plain meaning of the statute. I note first that “unprovoked,” as used in Idaho Code section 72-209(3) is a past participle which modifies the phrase “physical aggression.” The definition upon which the Court relies is that of a verb expressing the present tense. Setting aside this small matter, I accept that the Court has settled upon a definition of “unprovoked” as meaning “rid [the past participle] of a motive, desire, or capability.” However, the definition adopted by the Court eliminates the statutory reference to provocation.
I view the word “unprovoked” as used in the statute as comprising the prefix “un-” and the past participle “provoked.” The prefix means “not, lack of, the opposite of’ or “the reverse or removal of: it is added to verbs to indicate a reversal of the action of the verb ... and to nouns to indicate a removal or release of the thing mentioned or from the condition, place, etc.” Webster’s New World Dictionary 1542 (2d College ed. 1976). The verb “provoke” means “1. to excite to some action or feeling 2. to anger, irritate, or annoy 3. to stir up (action or *223 feeling) 4. to call forth; evoke.” Id. at 1144. With these definitions in mind, I interpret the meaning of the participial phrase “unprovoked physical aggression” as “physical aggression occurring in the absence of provocation,” i.e., not precipitated by, or resulting from, the words or actions of the employee who has been injured by the employer’s physical aggression.
This brings me to the heart of my disagreement with the Court: the definition of “unprovoked” which it has adopted is inconsistent with its plain meaning in the context of this statute. It is easy to envision a situation where an employer or its agent engages in “physical aggression” that possesses the “motive, deliberation or specific purpose” of responding to provocation by the employee. Under the definition of “unprovoked” adopted by the Court, this would result in employer liability. I am not certain that such a broad result is desirable. In my view, and applying my understanding of the word “unprovoked,” Idaho Code section 72-209(3) is ambiguous, as there are clearly circumstances where the exception to the exemption from liability depends upon which of the two disjunctive adjectives is to be applied. Despite the Legislature’s use of the disjunctive, in the real world both circumstances—willfulness and deliberate response to provocation—can co-exist. In the situation where an employer or its agent engages in willful physical aggression in response to provocation by the employee, my view is that determining which modifier should apply requires a fact-specific inquiry as to the nature and/or degree of the provocation.
This ambiguity, however, is of no significance to the present appeal. It is an issue that the Court may be required to address in the future in a ease presenting markedly different facts. If and when that day comes, I do not believe that we should be burdened by a definition of “unprovoked” that is both wrong and unnecessary to the resolution of this case.
The meaning of the modifying adjectives “willful” and “unprovoked” assumes significance only in the presence of physical aggression. In this ease, it is clear that there was no physical aggression by Hecla. As we said in Kearney, “[t]o prove aggression there must be evidence of some offensive action or hostile attack. It is not sufficient to prove that the alleged aggressor committed negligent acts that made it substantially certain that injury would occur.” 114 Idaho at 757, 760 P.2d at 1173. As there was no evidence of an “offensive action or hostile” attack by Hecla, the district court correctly granted summary judgment. For that reason, I concur in the result reached by the Court.
Justice EISMANN concurs.