# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 50543-2023

<table>
<tr><td>

SAMUEL HICKMAN and EMMA
HICKMAN, Husband and Wife,

    Plaintiffs-Appellants,

and

JASON ROLFE, an individual,

    Plaintiff,

v.

BOOMERS, LLC, an Idaho limited liability
company; BOOMERS CRANE AND
TRANSPORT, INC., an Idaho corporation;
MICHAEL LANDON, an individual; and
COLTER JAMES JOHNSON, an individual,

    Defendants-Respondents.

</td><td>

)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)

</td><td>

Pocatello, June 2024 Term

Opinion filed:  August 14, 2024

Melanie Gagnepain, Clerk

</td></tr>
</table>

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County. Michael J. Whyte, District Judge.

The decisions of the district court are <u>reversed and remanded</u>.

Hopkins Roden Crockett, Hansen & Hoopes, PLLC, Idaho Falls, for Appellants Samuel Hickman and Emma Hickman.  Jedediah A. Bigelow argued.

Kirton McConkie, St. George, Utah, for Respondents Boomers, LLC, Michael Landon, and Colter James Johnson. David P. Gardner argued.

---

ZAHN, Justice.

This case concerns the "willful or unprovoked physical aggression" exception to the exclusive remedy rule of Idaho's Worker's Compensation Law. On April 29, 2019, Samuel Hickman was electrocuted when a boom crane contacted overhead power lines. Samuel Hickman

and his wife brought a personal injury suit against the owner of the boom truck, Boomers, LLC, and its owner Michael Landon, and Colter James Johnson, the employee who was operating the boom crane at the time of the accident (collectively, "Boomers").

Boomers moved for summary judgment, arguing they were immune from tort liability pursuant to the exclusive remedy rule. Hickman responded that the accident fell within the "willful or unprovoked physical aggression" exception to the rule. The district court granted summary judgment and dismissed Hickman's claims. Hickman then filed a motion for reconsideration, which the district court also denied.

On appeal, Hickman argues that the district court erred in granting summary judgment because it failed to properly apply the standard for the willful or unprovoked physical aggression exception articulated in *Gomez v. Crookham Co.*, 166 Idaho 249, 457 P.3d 901 (2020), and that it erred in denying a motion for reconsideration. We reverse the district court's denial of the motion for reconsideration and the granting of the motion for summary judgment. We hold that the district court failed to properly apply our holding from *Gomez* and that, based on the evidence submitted in connection with the motion for reconsideration, there are genuine issues of material fact that preclude summary judgment.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On the day of the accident at issue in this appeal, Samuel Hickman was employed by King Builders, LLC. King Builders is a framing contractor and had been hired to frame a house. Richard King is the owner of King Builders. King Builders subcontracted with Boomers, LLC, a crane company, to set trusses on the home construction site. Michael Landon is the owner of Boomers, LLC. King called Landon to discuss the job and informed Landon that the trusses were located underneath power lines and would need to be removed from beneath the power lines before they could be set into place.

On April 29, 2019, Colter James Johnson, an employee of Boomers, LLC, arrived at the worksite to move the trusses. Johnson was licensed to operate a boom truck with a hydraulic crane. By the time Johnson arrived on site, employees of King Builders had moved all but one of the trusses out from under the power lines by hand. The remaining truss was too heavy for the employees to move by hand. The parties dispute whether, following Johnson's arrival on site, they discussed a plan to move the remaining truss. Regardless, Johnson began operating the boom crane to move the truss from under the power lines. Hickman's role was to connect a metal cable from

2

the boom to the truss. Johnson would then use the boom crane to move the truss from under the power lines and raise it to set the truss on the house frame.

King was on site watching Johnson move the truss. The parties dispute whether Johnson asked King to be a spotter for him. While Johnson was moving the boom crane into place to remove the truss from under the power lines, King walked away to take a phone call. The parties dispute what happened next. Hickman stated that Johnson continued to operate the boom crane, while Johnson maintained that he stopped moving the boom crane and Hickman grabbed the cable to guide it to the truss. The parties agree that, while Hickman was holding the cable, the boom crane either contacted the overhead power lines or came close enough that electricity arced from the power lines to the boom crane and then to the metal cable, electrocuting Hickman. Hickman sustained severe injuries and received worker's compensation benefits as a result of the accident.

Hickman and his wife brought a personal injury claim against Boomers, LLC, Boomers Crane and Transport, Inc., Landon, and Johnson, alleging that their negligent and reckless actions resulted in Hickman's electrocution. Hickman alleged he suffered severe physical injuries, emotional injuries, loss of enjoyment of life, loss of household services, and loss of consortium. The parties later stipulated to dismiss Boomers Crane and Transport, Inc., from the lawsuit and it is not a party to this appeal.

Boomers, Landon, and Johnson (collectively "Boomers") thereafter moved for summary judgment, arguing that, as statutory co-employees of Hickman, they were immune from liability under the exclusive remedy rule of Idaho's worker's compensation laws. In support, Boomers submitted Hickman's deposition in which he admitted that he received worker's compensation benefits as a result of his accident.

Hickman opposed the motion and argued that the exclusive remedy rule did not apply because the circumstances fell within the "willful or unprovoked physical aggression" exception contained in Idaho Code section 72-209(3). Hickman argued that this Court's decision in *Gomez v. Crookham Co.*, 166 Idaho 249, 457 P.3d 901 (2020), interpreted the "willful or unprovoked physical aggression" exception to include instances when an employer consciously disregarded knowledge that an injury would result to an employee. Hickman argues that this standard also applies to Boomers as statutory co-employees. Hickman argued that, when viewed in a light most favorable to the non-moving party, the evidence established at least a genuine issue of material fact that Landon and Johnson had knowledge of the danger the power lines presented and Johnson

3

"consciously disregarded" this knowledge and operated the boom crane too close to the power lines—resulting in Hickman being electrocuted.

In support of his opposition, Hickman submitted the Occupational Safety and Health Administration ("OSHA") report completed following the accident, which generally described the accident, its cause, and future safety precautions to prevent a similar accident from reoccurring. Hickman also submitted deposition excerpts in which Johnson described the accident, and deposition excerpts in which Landon described his conversation with King about the power lines and the safety rules for his crane operators. Finally, Hickman submitted a deposition in which he described the accident and his subsequent injuries.

In their reply, Boomers argued that *Gomez* did not articulate the correct standard because section 72-209(3) was amended in 2020 in response to the *Gomez* decision. The amendments added language indicating that, to establish the applicability of the physical aggression exception, a party must establish by clear and convincing evidence that the employer or its employees specifically intended to harm the employee or that they engaged in conduct knowing that injury or death to the employee was substantially likely to occur. Boomers argued that the 2020 amendments to section 72-209(3) demonstrated that the legislature did not intend for the "willful or unprovoked physical aggression" exception to encompass acts of simple negligence. Boomers argued that, at most, Johnson's conduct was simply negligent because it was possible to safely move the truss and Johnson had a plan for doing so.

The district court granted Boomers' motion for summary judgment. It applied the 2020 version of section 72-209(3) that included the amendments enacted in response to this Court's decision in *Gomez*. The district court concluded that King and Johnson had a plan to move the truss safely, but that the plan was implemented negligently. There was no evidence that Boomers intended to injure Hickman or that they had actual knowledge that Hickman's injury was substantially likely to occur. The district court therefore concluded that the willful or unprovoked physical aggression exception in section 72-209(3) did not apply. The court explicitly declined to apply the "consciously disregarded knowledge" standard from *Gomez*, reasoning that the legislature never intended the standard to be applied to the willful or unprovoked physical aggression exception in section 72-209(3).

Hickman filed a motion for reconsideration along with four new declarations and the complete transcripts of depositions taken earlier in the case. Hickman argued that the district court

4

erred by applying the 2020 amended version of section 72-209(3) because the amendment did not become effective until after Hickman's accident. Applying the version of section 72-209(3) in effect at the time of Hickman's accident, Hickman argued that the district court was bound by this Court's interpretation of the willful and unprovoked physical aggression exception in *Gomez* and that, under the "consciously disregarded knowledge" standard, there were genuine issues of material fact concerning whether Boomers' conduct satisfied that exception. Hickman asserted that the new declarations he submitted showed that the facts relied on by the district court in granting summary judgment were disputed by the parties. Specifically, Hickman contended that the new evidence submitted showed that Johnson ignored industry safety standards, including failing to call the power company to determine the voltage of the power lines, failing to have a spotter, and failing to maintain the correct distance away from the power lines. Hickman argued that the new evidence showed that no safety plan or briefing took place prior to the accident. Hickman argued that, considering this new evidence, there existed a genuine issue of material fact as to whether Johnson consciously disregarded knowledge that Hickman would be injured by Johnson's actions.

Boomers responded that the district court should not consider Hickman's new evidence and that the district court properly interpreted section 72-209(3) in light of the 2020 amendments. Boomers argued that the 2020 amendments clarified the legislature's intent in passing section 72-209(3), which established that this Court's decision in *Gomez* was incorrect. Boomers argued that, even if *Gomez* was applicable, it was still entitled to summary judgment.

The district court decided that it would consider Hickman's new evidence, but ultimately denied Hickman's motion for reconsideration. The district court reaffirmed its prior conclusion that the 2020 amendments clarified the legislative intent underlying section 72-209(3) and should control over this Court's decision in *Gomez*. Applying that standard to the newly submitted evidence, the district court again concluded that Hickman failed to establish a genuine issue of material fact concerning the applicability of the willful or unprovoked physical aggression exception. The district court then concluded that, even if it applied the standard articulated in *Gomez*, Hickman still failed to establish a genuine issue of material fact and Boomers was entitled to summary judgment. Hickman timely appealed.

5

## II.    ISSUES ON APPEAL

1. Whether the district court erred in deciding Boomers' summary judgment motion under the 2020 amendments to section 72-209(3) rather than the statute in effect at the time of Hickman's accident.

2. Whether the district court erred in concluding that Hickman failed to establish a genuine issue of material fact concerning the applicability of the willful or unprovoked physical aggression exception to the exclusive remedy rule.

## III.    STANDARDS OF REVIEW

"The standard of review on appeal from an order granting summary judgment is the same standard that is used by the district court in ruling on the summary judgment motion." *Berglund v. Dix*, 170 Idaho 378, 384, 511 P.3d 260, 266 (2022) (quoting *Hoke v. Neyada, Inc.*, 161 Idaho 450, 453, 387 P.3d 118, 121 (2016)). The trial court "must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." I.R.C.P. 56(a). "All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party." *Smith v. Excel Fabrication, LLC*, 172 Idaho 725, ___, 535 P.3d 1098, 1101 (2023) (quoting *Manning v. Micron Tech., Inc.*, 170 Idaho 8, 12, 506 P.3d 244, 248 (2022)). "A mere scintilla of evidence or only slight doubt as to the facts is not sufficient to create a genuine issue of material fact for the purposes of summary judgment." *Finholt v. Cresto*, 143 Idaho 894, 897, 155 P.3d 695, 698 (2007) (quoting *Jenkins v. Boise Cascade Corp.*, 141 Idaho 233, 238, 108 P.3d 380, 385 (2005)). "If the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review." *Arambarri v. Armstrong*, 152 Idaho 734, 738, 274 P.3d 1249, 1253 (2012) (quoting *Watson v. Weick*, 141 Idaho 500, 504, 112 P.3d 788, 792 (2005)).

"This Court reviews a trial court's decision to grant or deny a motion for reconsideration using the same standard of review as the lower court in ruling on the motion." *Ciccarello v. Davies*, 166 Idaho 153, 159, 456 P.3d 519, 525 (2019). "[W]hen reviewing the grant or denial of a motion for reconsideration following the grant of summary judgment, this Court must determine whether the evidence presented a genuine issue of material fact to defeat summary judgment." *Fragnella v. Petrovich*, 153 Idaho 266, 276, 281 P.3d 103, 113 (2012).

# IV.    ANALYSIS

## A. The district court erred in applying the 2020 amended version of section 72-209(3) but did not err in initially granting summary judgment because Hickman failed to establish a genuine issue of material fact under the pre-amendment version of the statute.

### 1.  *The pre-2020 amendment statute applies to Hickman's case.*

Hickman's overarching argument on appeal is that the district court erred in applying the wrong version of section 72-209(3) and disregarding our holding in *Gomez*. Hickman contends that applying the correct version of the statute and this Court's interpretation of that statute in *Gomez* establishes that the circumstances of this case fall within the willful or unprovoked physical aggression exception. Boomers asserts that the district court properly considered the 2020 amendments to the statute when determining that Hickman's evidence did not create a genuine issue of material fact concerning the applicability of the exception.

There is no question that the district court's summary judgment decision applied the 2020 amendments version of section 72-209(3). Its decision specifically quotes the language of that amended statute and then applies it to grant summary judgment. Hickman argues that the district court erred in doing so because his accident occurred on April 29, 2019, and the 2020 amendments to section 72-209(3) did not take effect until July 1, 2020. We agree with Hickman. The version of the statute in effect at the time of Hickman's accident governs his claim. *See Barringer v. State*, 111 Idaho 794, 800, 727 P.2d 1222, 1228 (1986) (applying the version of statute in effect at the time of the accident); *Nebeker v. Piper Aircraft Corp.*, 113 Idaho 609, 610, 747 P.2d 18, 19 (1987) (same). We therefore hold that the district court erred by applying the 2020 amended version of section 72-209(3).

This error, however, does not automatically result in the reversal of the district court's order and the vacating of its judgment. We are constrained to "disregard all errors and defects that do not affect any party's substantial rights." I.R.C.P. 61. Hickman argues that the district court erred because had the district court applied the correct version of the statute and our decision in *Gomez*, summary judgment would not have been proper. We therefore turn to the applicability of *Gomez* and whether summary judgment was properly granted when the correct version of the statute is applied to the evidence.

*2. This Court's decision in <u>Gomez</u> applies to the interpretation of section 72-209(3) as it existed on the date of Hickman's accident.*

Hickman argues that the district court erred by failing to apply the "consciously disregarded" standard from *Gomez* when evaluating the applicability of the willful or unprovoked physical aggression exception. In a footnote in its decision, the district court recognized the "consciously disregarded" standard articulated in *Gomez* but concluded that "the legislature never intended the 'consciously disregarded' standard to be applied to these analyses" because it amended section 72-209(3) in direct response to *Gomez*.

We hold that the district court erred when it declined to apply the holding in *Gomez*. *Gomez* interpreted the willful and unprovoked physical aggression exception of section 72-209(3) as it existed prior to the 2020 amendments. *See Gomez v. Crookham Co.*, 166 Idaho 249, 256–60, 457 P.3d 901, 908–12 (2020), *superseded by statute*, I.C. § 72-209(3) (2020), *as stated in Fulfer v. Sorrento Lactalis, Inc.*, 171 Idaho 296, 298 n.1, 520 P.3d 708, 710 n.1 (2022). As discussed above, we hold that this same version of the statute also applies to Hickman's claims. As such, our interpretation of that language in *Gomez* likewise applies to Hickman's claims.

In ignoring this Court's holding in *Gomez* because the 2020 statutory amendment indicated that "the legislature never intended the 'consciously disregarded' standard to be applied to these analyses," the district court effectively gave a retroactive application to the 2020 amendments. This was error. "[A] statute is not applied retroactively unless there is 'clear legislative intent to that effect.'" *Guzman v. Piercy*, 155 Idaho 928, 937–38, 318 P.3d 918, 927–28 (2014) (quoting *Gailey v. Jerome County*, 113 Idaho 430, 432, 745 P.2d 1051, 1053 (1987)). There is no indication in the legislation that it was intended to apply retroactively. Both Hickman and Boomers agree that the amendment to section 72-209(3) does not apply retroactively. The district court erred in refusing to apply controlling precedent to interpret section 72-209(3) as it existed on the date of Hickman's accident.

The district court cited no caselaw in support of its decision to disregard *Gomez*. This Court's interpretation of statutory language governs the interpretation of a statute until it is either overturned by a subsequent decision of this Court or amended by the legislature. *State v. Grant*, 154 Idaho 281, 287, 297 P.3d 244, 250 (2013) ("When there is controlling precedent on questions of Idaho law 'the rule of *stare decisis* dictates that [lower courts] follow it . . . ." (quoting *Greenough v. Farm Bureau Mut. Ins. Co. of Idaho*, 142 Idaho 589, 592, 130 P.3d 1127, 1130 (2006))). When the legislature amends a statute in response to a decision of this Court, our

interpretation continues to control the interpretation of the statutory language as it existed prior to the amendment. In other words, statutory amendments enacted in response to decisions of this Court do not retroactively rewrite the statute to nullify this Court's interpretation of the statutory language as it existed prior to the effective date of the amendment. The district court erred when it failed to apply our holding in *Gomez* to interpret the language of section 72-209(3) as it existed on the date of Hickman's accident.

3. *The willful or unprovoked physical aggression exception to the exclusive remedy rule applies to statutory co-employees.*

Boomers argues that, even if the *Gomez* standard applies, it only applies against an employer, and the parties agree that Boomers is a statutory co-employee of Hickman. Hickman responds that the plain language of Idaho Code section 72-209(3) applies with equal force to statutory co-employees.

We agree with Hickman that the plain language of section 72-209(3) applies to co-employees like Boomers. I.C. § 72-209(3) (2017) (exemption does not apply when the injury is caused by the "unprovoked physical aggression of the employer, its officers, agents, servants or *employees*" (emphasis added)). Boomers argues that we should interpret the use of "employee" in section 72-209(3) as only applying to direct employees and not to statutory co-employees like Boomers. We recently rejected a nearly identical argument urging us to interpret the use of "employers" in section 72-209(3) as only applying to direct employers and not to statutory employers. *See Fulfer*, 171 Idaho at 303–05, 520 P.3d at 715–17. We decline Boomers' argument here for the same reasons we rejected the employer argument in *Fulfer*. Boomers has offered "no compelling reasons why only a statutory employ[ee] should be afforded complete immunity when [they] . . . engage in 'willful or unprovoked physical aggression.' The short answer is [they] should not." *Id.* at 305, 520 P.3d at 717 (quoting I.C. § 72-209(3)). We therefore hold that section 72-209(3) applies to both employees and statutory co-employees.

4. *The district court did not err in initially granting Boomers' motion for summary judgment.*

We now turn to the merits of the district court's initial summary judgment decision. "Generally, the Idaho worker's compensation law provides the exclusive remedy for injuries arising out of and in the course of employment." *Kearney v. Denker*, 114 Idaho 755, 757, 760 P.2d 1171, 1173 (1988). This exclusive remedy rule "limits an injured worker's remedy to worker's compensation benefits when the worker sustains an injury that arises out of and is in the course of employment." *Smith v. Excel Fabrication, LLC*, 172 Idaho 725, ___, 535 P.3d 1098, 1102 (2023).

However, the law provides an exception to this rule for "willful or unprovoked physical aggression" pursuant to Idaho Code section 72-209(3). *Kearney*, 114 Idaho at 757, 760 P.2d at 1173. At the time of Hickman's accident, the statute described the exception generally but provided no specifics about the type of conduct that would invoke the exception:

> The exemption from liability given an employer by this section shall also extend to the employer's surety and to all officers, agents, servants and employees of the employer or surety, provided that such exemptions from liability shall not apply in any case where the injury or death is proximately caused by *the willful or unprovoked physical aggression of the employer, its officers, agents, servants or employees*, the loss of such exemption applying applies only to the aggressor and shall not be imputable to the employer unless provoked or authorized by the employer, or the employer was a party thereto.

I.C. § 72-209(3) (2017) (emphasis added).

In *Marek v. Hecla*, *Ltd.*, this Court discussed the differences between willful physical aggression and unprovoked physical aggression. 161 Idaho 211, 216, 384 P.3d 975, 980 (2016). Hickman does not allege that the conduct in this case constituted willful physical aggression. Instead, he contends that the actions constituted unprovoked physical aggression for purposes of the statute. In *Marek*, we defined an act of "unprovoked physical aggression" as one where "physical aggression is committed without a deliberate or specific purpose in effectuating the act." *Id.* We held that "unprovoked physical aggression" is an act "lacking in motive, deliberation, or specific purpose." *Id.* at 217, 384 P.3d at 981. "Under such a standard, . . . the employee must only show the employer *actually knew or consciously disregarded knowledge* that employee injury would result from the employer's action." *Id*. (emphasis added).

In *Gomez*, we "fleshed out" the "consciously disregarded" standard. We described the standard as "a narrow, yet alternate, pathway to recovery for employees in extreme cases where it would be unreasonable to assume the employer was completely unaware of an obvious and grave risk to an employee's life and limb." 166 Idaho at 258, 457 P.3d at 910. We described the point of the consciously disregarded knowledge exception as applying to cases where an employer was aware of the danger or known risk, but consciously decided to ignore it or failed to act appropriately. *Id*.

We recognize that, at different points, we have articulated the consciously disregarded standard differently. We first articulated the standard as whether one "actually knew or consciously disregarded knowledge *that employee injury would result* from the employer's action." *Marek*, 161 Idaho at 217, 384 P.3d at 981 (emphasis added). In *Gomez*, we described the standard in two

different ways. We first described the standard as "consciously disregarding knowledge *that an injury would result*." 166 Idaho at 256, 457 P.3d at 908 (emphasis added). We later described the standard as when "the employer consciously disregarded *the risk of injury*." *Id*. at 258, 457 P.3d at 910 (emphasis added). And later still, we described it as when the employer "consciously disregarded knowledge *that an injury would occur* to its employee." *Gomez*, 166 Idaho at 259, 457 P.3d at 911 (emphasis added).

We now take this opportunity to reconcile these slight differences in language. We hold that the best articulation of the "consciously disregarded" standard is the one first used in our decision in *Gomez*: unprovoked physical aggression is established by evidence indicating an employer, its officers, agents, servants or employees "consciously disregard[ed] knowledge that an injury would result." *See id.* at 256, 457 P.3d at 908. The conscious disregard standard is implicated when there is knowledge of an "obvious and grave risk," "grave danger," "serious risk," or a "hazardous situation." *Id.* at 260, 457 P.3d at 912; *Marek*, 161 Idaho at 217, 384 P.3d at 981; *Fulfer*, 171 Idaho at 298, 520 P.3d at 710.

Returning to the district court's decision in this case, Boomers moved for summary judgment on the basis that, as statutory co-employees of Hickman, they were immune from liability under the exclusive remedy rule. In support of their motion, Boomers submitted Hickman's deposition testimony that he received worker's compensation benefits as a result of his accident. Hickman opposed Boomers' motion for summary judgment, arguing that Landon and Johnson had knowledge of the danger of the power lines, but that Johnson "consciously disregarded" this knowledge and operated the boom crane too close to the power lines—resulting in Hickman being electrocuted. In support of this argument, Hickman submitted the following evidence: the OSHA accident report, excerpts of Johnson's deposition describing the accident, excerpts of Landon's deposition describing his conversation with King about the power lines and the safety rules Landon had for his crane operators, and excerpts of Hickman's own deposition describing the accident and his injuries. Boomers responded that Johnson could have moved the truss safely and King agreed to that plan, and that Johnson's negligence in moving too close to the power lines was not enough to fall within the *Gomez* exception.[1]

---

[1] For the first time at oral argument, Boomers argued that *Gomez* should be overruled. However, "[a]dditional issues raised for the first time on appeal at oral argument are not properly before this Court." *State v. Clapp*, 170 Idaho 314, 326, 510 P.3d 667, 679 (2022) (alteration in original) (quoting *State v. Almaraz*, 154 Idaho 584, 598–99, 301 P.3d 242, 256–57 (2013)). We therefore decline to address this argument.

Boomers met its initial burden of demonstrating that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. The evidence established that Hickman received worker's compensation benefits because of his accident. Hickman did not dispute that Boomers was his statutory co-employee. The exclusive remedy rule "limits an injured worker's remedy to worker's compensation benefits when the worker sustains an injury that arises out of and is in the course of employment." *Smith*, 172 Idaho at ___, 535 P.3d at 1102; *see* I.C. §§ 72-209(1), 72-211. Idaho Code section 72-209 extends the protection of the exclusive remedy rule to statutory co-employees. I.C. § 72-209(3); *Richardson v. Z & H Constr., LLC*, 167 Idaho 345, 350, 470 P.3d 1154, 1159 (2020). Accordingly, Boomers is entitled to summary judgment unless Hickman can establish a genuine issue of material fact as to whether Boomers' actions fell within the "willful or unprovoked physical aggression" exception to the exclusive remedy rule.

Construing all disputed facts in favor of Hickman and applying the *Gomez* standard, we hold that the district court did not err in initially granting Boomers' motion for summary judgment. Under *Gomez*, Hickman must show a genuine issue of material fact as to whether Boomers consciously disregarded knowledge that an injury would result. Even when viewed in the light most favorable to Hickman, the non-moving party, the evidence presented at summary judgment established that King and Johnson were aware of the danger the power lines presented and they agreed upon a plan to safely move the truss. The OSHA accident report indicated that King acquiesced to Johnson's plan to move the truss with the boom crane instead of by hand and that they had a plan in place to safely move the truss without coming near the power line. The report indicated that the accident occurred when Johnson focused on Hickman attaching the cable to the truss and accidentally raised the boom crane directly into the power line. Johnson's deposition testimony was that the entire work crew had a safety meeting to discuss how to safely move the truss from under the power lines with the boom crane. The evidence did not establish a genuine issue of material fact whether Boomers consciously disregarded knowledge that an injury would result.

While the evidence suggests that it was Johnson's negligence that resulted in the boom crane being raised into the power line, "negligence—no matter how gross—is insufficient to trigger the exclusivity exception under section 72-209(3)." *Marek*, 161 Idaho at 220, 384 P.3d at 984. Missing from the record at the summary judgment stage was evidence that Johnson consciously disregarded the "obvious and grave risk," "grave danger," "serious risk," or a

12

"hazardous situation" that the power lines would injure Hickman. Accordingly, the district court did not err in granting Boomers' motion for summary judgment.

Because there was no error in the district court's decision, Hickman has failed to establish that the district court's erroneous application of the wrong version of the statute affected his substantial rights. We therefore affirm the district court's initial decision granting summary judgment, but now turn to the merits of Hickman's motion for reconsideration. *See* I.R.C.P. 61.

**B. The district court erred in denying Hickman's motion for reconsideration because his supporting declarations established a genuine issue of material fact.**

*1. The district court did not err in considering the additional evidence that Hickman submitted in support of his motion for reconsideration.*

Following the district court's issuance of the order granting summary judgment, Hickman filed a motion for reconsideration along with four new declarations and the complete transcripts of depositions of three witnesses to the accident. The new evidence presented was (1) a declaration by Richard King recounting his eyewitness account of the accident; (2) an affidavit by Justin Allen, a local power company official, concerning the voltage in the power lines; (3) a declaration by Thomas Sickelsteel, CEO of the National Commission for the Certification of Crane Operators, concerning the 2018 American Society of Mechanical Engineers safety standards for cranes; and (4) a declaration by Hickman's attorney that included several additional deposition excerpts. Hickman argued that the new declarations and transcripts created a genuine issue of material fact concerning the applicability of the unprovoked physical aggression exception. The district court determined that it would consider the new evidence in evaluating Hickman's motion for reconsideration.

Boomers contends that the district court erred when it considered the four new declarations that Hickman submitted in support of his motion for reconsideration. Boomers argues that the declarations include evidence that was available to Hickman at the time of the summary judgment motion and therefore Hickman should have submitted it with his opposition to Boomers' motion for summary judgment. Hickman responds that we should not consider the argument because it was not properly raised as an additional issue on appeal or otherwise cross-appealed. Hickman further asserts that Boomers fails to explain how the district court abused its discretion in considering the additional evidence.

The district court's decision on the motion for reconsideration also addressed Boomers' objection to the new declarations. In its order, the district court recognized that determining

whether it would consider the new evidence was a discretionary call. The district court then weighed the parties' arguments and decided that it would consider Hickman's additional evidence.

Initially, we reject Hickman's argument that we should not consider this issue because it was not raised as an additional issue on appeal and Boomers did not file a cross-appeal. Pursuant to Idaho Appellate Rule 35(b)(4), "the respondent may list additional issues presented on appeal . . . ." I.A.R. 35(b)(4). "Generally, a party must file a cross-appeal if it seeks to change or add to relief the district court provided; however, a cross-appeal is not required when the party asks us to sustain a judgment on grounds presented to, but not relied on by, the district court." *Beebe v. N. Idaho Day Surgery, LLC*, 171 Idaho 779, 792, 526 P.3d 650, 663 (2023). "If no affirmative relief is sought by way of reversal, vacation or modification of the judgment or order, an issue may be presented by the respondent as an additional issue on appeal under Rule 35(b)(4) without filing a cross-appeal." I.A.R. 15(a).

Hickman is correct that Boomers did not file a cross-appeal pursuant to Idaho Appellate Rule 15(a). However, Boomers is not asking this Court for a "affirmative relief . . . by way of reversal, vacation or modification of the judgment or order . . . ." I.A.R. 15(a). Boomers successfully defeated Hickman's motion for reconsideration, so Boomers has not asked for this Court to modify the district court's order. Instead, Boomers is arguing that the district court erred in considering Hickman's additional evidence and therefore this Court should decline to consider that evidence when reviewing the district court's order. Because Boomers is not seeking to change the relief granted below, we hold that it was not required to file a cross-appeal to preserve its challenge to the district court's consideration of the additional evidence Hickman submitted in support of his motion for reconsideration.

Further, while Boomers should have listed the issue as an additional issue on appeal, we hold that its failure to do so is not fatal to its argument. I.A.R. 15(a), 35(b)(4). Although we have held that the failure to list an additional issue on appeal eliminates consideration of the issue in the appeal, we have also held that "the rule may be relaxed where . . . the issue is addressed by arguments contained in the body of the brief." *Schmechel v. Dille*, 148 Idaho 176, 180 n.1, 219 P.3d 1192, 1196 n.1 (2009). Boomers provided substantial argument and authority to support the issue on appeal. Accordingly, we will consider Boomers' arguments.

We hold that the district court did not err in considering the additional evidence. "[A] motion to reconsider can be properly raised to timely present the trial court with additional

14

evidence or a relevant legal theory that was not initially considered by the trial court . . . .” *BrunoBuilt, Inc. v. Erstad Architects, PA*, 171 Idaho 928, ___, 528 P.3d 531, 542 (2023). “We review a district court’s decision on whether to accept an untimely filed affidavit in connection with summary judgment for an abuse of discretion.” *Ciccarello v. Davies*, 166 Idaho 153, 162, 456 P.3d 519, 528 (2019). When reviewing an alleged abuse of discretion, this Court asks “[w]hether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason.” *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

The district court recognized that Hickman’s new declarations contained additional facts and information and that it was within its discretion whether to consider them. The district court evaluated the parties’ arguments and decided that it would consider the declarations. Boomers fails to articulate how the district court abused its discretion. Instead, it makes the same arguments that it made below and asks this Court to reach a different conclusion. The district court did not abuse its discretion and we therefore affirm its decision to consider the additional evidence that Hickman submitted in support of his motion for reconsideration.

We also decline Boomers’ request to ignore the additional evidence on appeal. When reviewing the propriety of the district court’s decision denying the motion, we will consider the same evidence that it considered.

2. *Hickman’s additional evidence created a genuine issue of material fact concerning whether Johnson disregarded knowledge that the power lines would injure Hickman.*

After considering the additional evidence, the district court denied Hickman’s motion for reconsideration. The district court first applied the 2020 amendments to section 72-209(3) and concluded that the additional evidence did not create a genuine issue of material fact. The district court then applied the pre-amendment version of the statute and this Court’s holding in *Gomez* and reached the same result—that Boomers was entitled to summary judgment. We conclude that the district court erred in declining to grant the motion for reconsideration and reverse its summary judgment decision because Hickman’s additional evidence established the existence of a genuine issue of material fact concerning the applicability of the unprovoked physical aggression exception.

Viewed in the light most favorable to Hickman, the additional evidence established that Johnson was aware that the power lines were likely to injure Hickman but did nothing to mitigate

15

the danger. King testified in his declaration that he and Landon discussed that the truss needed to be at least fifteen feet away from the power line. During his deposition, Johnson testified that he had been trained to operate the boom crane and that, at the time of Hickman's accident, he had been certified as a crane operator by the National Commission for the Certification of Crane Operators ("NCCCO"). Attached to Sickelsteel's declaration were the NCCCO standards, which established that crane operators should maintain a minimum specified clearance from power lines depending on the voltage of the power lines because operating a crane near power lines is an extremely hazardous practice. Allen testified to the voltage of the power lines in his declaration. Based on the voltage of the power lines, NCCCO standards required that Johnson maintain a twenty-foot distance from the power line.

Johnson testified in his deposition that he was aware of the power lines but did not know the voltage of the power lines and did not call the local power company to find out. Instead, Johnson employed a personal rule of thumb to stay somewhere between ten and twenty-five feet away from the power line. King testified in his declaration that Johnson refused King's repeated requests to help King and his crew drag the truss from under the power lines by hand. King testified that Johnson insisted he could move the truss with the boom crane, that Johnson did not hold a safety meeting, that Johnson did not ask King to be his spotter, and that Johnson failed to use a flagged line to mark the clearance of the power lines or use any other device to limit the range of the boom crane. Instead, according to Hickman's deposition, Johnson told Hickman he was worried about the power line, but instead of taking any additional precautions, threw Hickman the metal cable and began operating the boom crane. Johnson then maneuvered the boom crane into the power line, electrocuting Hickman.

Boomers did not submit any new evidence to oppose Hickman's motion for reconsideration. Instead, Boomers argued that the additional evidence did not create a genuine issue of material fact.

When the district court decided Hickman's motion for reconsideration, the evidence in the record, when viewed in the light most favorable to Hickman, established that (1) all parties involved were aware of the dangers the power lines presented to the workers on site and that moving too close to the power lines could result in serious injury or death; (2) Johnson refused King's requests to help drag the truss out from the power lines by hand; (3) Johnson did not hold a safety meeting with the workers on site prior to operating the boom crane; (4) Johnson did not

16

develop a plan with King, Hickman, and other employees on site for moving the truss with the boom crane; (5) Johnson disregarded multiple NCCCO safety standards, including not checking the voltage of the power line, using any recommended safety equipment like a flagged line or using a device to limit the range of the boom crane, and failed to stay the appropriate distance away from the power lines; and (6) Johnson never asked King or anyone else to be his spotter. This evidence establishes a genuine issue of material fact concerning whether Johnson consciously disregarded a known risk that the power lines presented a serious risk of injury or death to others on site, including Hickman. The district court erred in concluding otherwise and denying the motion for reconsideration. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

## V.    CONCLUSION

For the foregoing reasons, the district court's decision denying Hickman's motion for reconsideration is reversed and this case is remanded for further proceedings consistent with this opinion. As the prevailing party on appeal, Hickman is awarded costs on appeal pursuant to Idaho Appellate Rule 40.

Chief Justice BEVAN, and Justices BRODY, MOELLER, and MEYER CONCUR.