# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 50970

HARRY JOHNSON, individually, and as Representative of the Estate of Colby Eldon Johnson, Deceased,

    Plaintiff-Appellant,

v.

BEADZ BROTHERS FARMS, an Idaho partnership,

    Defendant-Respondent,

and

SNAKE RIVER MANUFACTURING, LLC, an Idaho entity; SRM DOUBLE L, LLC, an Idaho entity; DOUBLE L MANUFACTURING, INCORPORATED, an Idaho entity,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, May 2025 Term

Opinion Filed: March 2, 2026

Melanie Gagnepain, Clerk

---

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Rosemary Emory, District Judge.

The decisions of the district court are <u>affirmed</u>.

Patrick Daniel Law, *Pro Hac Vice*, Houston, Texas, and Dari Huskey Law, PLLC, and Jacobson Law, PLLC, Boise, for Appellant, Harry Johnson. Patrick Daniel argued.

Kirton McConkie, Boise, for Respondent, Beadz Brothers Farms. David P. Gardner argued.

---

MEYER, Justice.

After finishing his night shift at Beadz Brothers Farms, Colby Eldon Johnson died as the result of a tragic accident involving farming equipment. Although there were no witnesses to the

accident, Colby[1] was apparently attempting to repair the connection between a truck and a Double L, Goldline Series self-unloading bed (the "self-unloading bed") when he became caught and pulled into in the gears and died. His body was discovered in the early morning hours of August 18, 2020, shortly after the end of the shift before his co-workers left the farm. Colby's father, Harry Johnson, later filed an action individually and as the representative of Colby's estate, against several defendants. This appeal concerns Johnson's claims against Beadz Brothers Farms.

Johnson's action against Beadz Brothers included multiple tort claims. He alleged that Colby's death was caused by Beadz Brothers' negligence. Beadz Brothers moved for summary judgment on Johnson's claims, arguing that the claims were barred by the exclusive remedy rule of Idaho's Worker's Compensation Law. The exclusive remedy rule "limits an injured worker's remedy to worker's compensation benefits when the worker sustains an injury that arises out of and is in the course of employment." *Smith v. Excel Fabrication, LLC*, 172 Idaho 725, 729, 535 P.3d 1098, 1102 (2023) (citing I.C. §§ 72-209(1), 72-211). "The rule prohibits an injured worker from bringing a civil action for tort damages against his employer, whether that employer is his direct employer or his statutory employer." *Id.* (citation omitted). Johnson opposed the motion and sought a continuance, arguing that the parties had not engaged in discovery and that he needed more time to conduct discovery so that he could properly oppose Beadz Brothers' motion. The district court denied Johnson's motion for a continuance and granted summary judgment in favor of Beadz Brothers. Johnson appealed those decisions to this Court. For the reasons discussed below, we affirm the denial of Johnson's request for a continuance and the grant of summary judgment in favor of Beadz Brothers.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Johnson filed an action against multiple defendants, including Beadz Brothers, on August 17, 2022. In the complaint, Johnson alleged that Colby's accidental death was caused by Beadz Brothers' negligence. Johnson later sought leave to amend the complaint, which the district court granted over Beadz Brothers' objections. The district court allowed Johnson to amend the complaint but denied his request to add a claim for punitive damages. Thereafter, Johnson's operative complaint added claims for negligence, intentional torts, and strict liability, to the

---

[1] For ease of reference, we will refer to Colby Eldon Johnson as "Colby" throughout this opinion, and his father, the Appellant Harry Johnson, individually and as a representative of Colby's estate, as "Johnson."

original claims Johnson labeled as "automobile" and products liability against Beadz Brothers and other defendants.

Beadz Brothers filed an answer to the complaint on December 23, 2022, and moved for summary judgment on Johnson's claims on January 25, 2023. On summary judgment, Beadz Brothers argued that the exclusive remedy rule limited any recovery for Colby's death to worker's compensation remedies.

Approximately seven weeks later, on March 16, 2023, Johnson filed a motion to strike Beadz Brothers' proposed exhibits and a brief in opposition to Beadz Brothers' motion for summary judgment. In his brief in support of the motion to strike, Johnson argued Beadz Brothers' proposed exhibits were inadmissible because they lacked foundation. In his brief in opposition to summary judgment, Johnson argued that there were factual issues related to Colby's employment status, which required a trial. He also contended that worker's compensation laws did not bar his claims because Colby was either an independent contractor or he was not acting within the scope of his employment when he died. Alternatively, Johnson argued his claims satisfied the "unprovoked physical aggression" exception to the exclusive remedy rule. Johnson attached his proposed Exhibits 1 through 20 to his brief in opposition. His exhibits included a police report and an Occupational Safety and Health Administration ("OSHA") citation among other documents. As part of Johnson's opposition to Beadz Brothers' motion for summary judgment, he also requested a continuance of the summary judgment hearing so that he could conduct more discovery and take depositions. This request was attached to Johnson's brief in opposition as Exhibit 20. Johnson did not send his first written discovery requests to Beadz Brothers until two weeks later, on March 30, 2023.

Beadz Brothers moved to strike Johnson's proposed exhibits in their entirety and opposed Johnson's request for a continuance. Beadz Brothers argued that Johnson's request for a continuance was untimely and did not comply with Idaho Rule of Civil Procedure 56(d). Beadz Brothers also noted that he failed to file a motion to continue.

The district court denied Johnson's request for continuance, concluding that he had failed to provide "specific reasons" why the court should delay its decision on summary judgment. The district court excluded most of Johnson's exhibits, only considering Exhibit 1, which contained documentation regarding the truck, for the limited purpose of establishing that the truck "was built or manufactured and sold as an incomplete vehicle," and Exhibit 20, treating the exhibit as a

3

request for a continuance. The district court struck the remaining Exhibits 2 through 19 because they lacked foundation, were irrelevant, or contained inadmissible hearsay. The district court denied Johnson's motion to strike, and considered Beadz Brothers' exhibits as evidence of Colby's employment status. The district court ultimately granted summary judgment in favor of Beadz Brothers, determining that Johnson had failed to raise a genuine dispute of material fact as to Colby's status as a Beadz Brothers' employee. The court also determined that Johnson failed to raise a genuine dispute of material fact concerning the "unprovoked physical aggression" exception to the exclusive remedy rule contained in Idaho Code section 72-209(3). The district court concluded that summary judgment in favor of Beadz Brothers was appropriate because Johnson's tort claims were barred by the exclusive remedy rule. Because other defendants remained in the litigation, the district court issued a certified final partial judgment under Rule 54(b), which resulted in the dismissal with prejudice of Johnson's claims against Beadz Brothers. Johnson timely appealed.

On appeal, Johnson argues that the district court erred when it: (1) denied his request for a continuance; (2) struck most of his proposed exhibits; (3) failed to strike Beadz Brothers' exhibits; and (4) granted summary judgment in favor of Beadz Brothers. Beadz Brothers asks this Court to affirm the district court, and it seeks attorney fees on appeal under Idaho Code section 12-121 and Idaho Appellate Rule 41.

## II.  ISSUES ON APPEAL

1. Did the district court err in denying Johnson's request for a continuance?
2. Did the district court err in its rulings on the admissibility of the evidence contained in the affidavits and exhibits?
3. Did the district court err in granting Beadz Brothers' motion for summary judgment?
4. Is Beadz Brothers entitled to attorney fees on appeal?

## III.  STANDARDS OF REVIEW

"[T]his Court reviews the denial of a motion to continue for an abuse of discretion." *Hastings v. Idaho Dep't of Water Res.*, 173 Idaho 704, 715, 547 P.3d 1190, 1201 (2024) (citations omitted). The trial court does not abuse its discretion if the court: "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

4

"The admissibility of evidence contained in affidavits and depositions in support of or in opposition to a motion for summary judgment is a threshold matter to be addressed" before reaching the merits of a summary judgment motion. *Fragnella v. Petrovich*, 153 Idaho 266, 271, 281 P.3d 103, 108 (2012) (citation omitted). The trial court's decision to strike affidavits, exhibits, deposition testimony, or other documents offered in support of or in opposition to a motion for summary judgment is discretionary. *See Oswald v. Costco Wholesale Corp.*, 167 Idaho 540, 566, 473 P.3d 809, 835 (2020). This Court reviews the district court's evidentiary decisions for an abuse of discretion; however, we review de novo the determination whether a proposed exhibit is relevant.

When this Court reviews a district court's decision on a motion for summary judgment, we apply "the same standard that is used by the district court in ruling on the summary judgment motion." *Berglund v. Dix*, 170 Idaho 378, 384, 511 P.3d 260, 266 (2022) (quoting *Hoke v. Neyada, Inc.*, 161 Idaho 450, 453, 387 P.3d 118, 121 (2016)). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." I.R.C.P. 56(a). "All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party." *Hickman v. Boomers, LLC*, 174 Idaho 1048, 1054, 554 P.3d 99, 105 (2024) (quoting *Smith v. Excel Fabrication, LLC*, 172 Idaho 725, 728, 535 P.3d 1098, 1101 (2023)). The non-moving party must show more than "[a] mere scintilla of evidence or only slight doubt as to the facts" to "create a genuine issue of material fact for the purposes of summary judgment." *Id.* (quoting *Finholt v. Cresto*, 143 Idaho 894, 897, 155 P.3d 695, 698 (2007)). "If the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review." *Id.* (quoting *Arambarri v. Armstrong*, 152 Idaho 734, 738, 274 P.3d 1249, 1253 (2012)).

### IV. ANALYSIS

**A. The district court did not err when it denied Johnson's request to continue the summary judgment hearing so that he could conduct discovery.**

The district court declined to grant Johnson's request for a continuance, noting that his declaration "does not satisfy the requirement of 'specified reasons.'" The court relied on Idaho Rule of Civil Procedure 56(d), which provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

5

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

I.R.C.P. 56(d). The district court explained that Johnson's "affidavit goes on to outline the additional efforts [he] wishes to undertake[] but has failed to articulate why this has not been done to date. The affidavit presents generalities, but no specific reasons."

On appeal, Johnson argues that the district court erred when it denied his request for a continuance. He maintains that the discovery he sought was "relevant to whether Colby was an employee of Beadz Brothers . . . , and also to the issue of Beadz Brothers' claim of immunity under the [Worker's Compensation Law], and the applicability of the exception to immunity" under Idaho Code section 72-209(3). Johnson argues that he did not have adequate time for discovery and that the district court erred because it granted summary judgment to Beadz Brothers while discovery was still ongoing. Beadz Brothers counters that the district court properly exercised its discretion when it denied Johnson's request for a continuance.

Generally, the district court "has discretion to grant or deny a motion for a continuance to conduct further discovery." *Hastings v. Idaho Dep't of Water Res.*, 173 Idaho 704, 715, 547 P.3d 1190, 1201 (2024). "For summary judgment purposes, a court may continue the hearing 'for good cause shown,' I.R.C.P. 56(b)(3), or grant a nonmoving party relief from summary judgment where the nonmovant shows 'it cannot present facts essential to justify its opposition,' I.R.C.P. 56(d)." *Id.* The party seeking a continuance bears the burden of establishing "'what further discovery would reveal that is essential to justify their opposition,' making clear 'what information is sought and how it would preclude summary judgment.'" *Jenkins v. Boise Cascade Corp.*, 141 Idaho 233, 239, 108 P.3d 380, 386 (2005) (quoting *Nicholas v. Wallenstein*, 266 F.3d 1083, 1088–89 (9th Cir. 2001)). "In ruling on the motion, the court may consider 'the moving party's prior lack of diligence in pursuing discovery.'" *Hastings*, 173 Idaho at 715, 547 P.3d at 1201 (quoting *Fagen, Inc. v. Lava Beds Wind Park, LLC*, 159 Idaho 628, 632, 364 P.3d 1193, 1197 (2016)).

In this case, Johnson requested a continuance to conduct additional discovery through his declaration of counsel. In the declaration, Johnson explained that he had been unable to conduct discovery because of "the limited time since this case's inception," and that "facts essential to justify the opposition of Defendant Beadz Brothers' Motion for Summary Judgment are unavailable to [Johnson]." Johnson noted that he had issued written discovery requests to Beadz

6

Brothers but had not yet received a response. He requested more time to conduct discovery so that he could "depose both Beadz Brothers Farms' partners regarding facts and circumstances raised in [Beadz Brothers'] Motion for Summary Judgment" including "the specifics of [Colby]'s working arrangements, how he was paid, how he was hired, how his hours or assignments were communicated to him, [and the] existence of contracts or other documents showing the working relationship . . . ." Johnson also sought to depose various people regarding Beadz Brothers' "knowledge of working conditions, safety conditions," and their "knowledge of the risks of injury or death from working conditions present . . . ."

Johnson argues that the district court erred when it denied his request for a continuance because discovery was still on-going. This case certainly moved quickly once pleadings were filed. The accident occurred on August 18, 2020. Johnson filed the complaint against Beadz Brothers on August 17, 2022, a day before the statute of limitations ran. Beadz Brothers was served with a copy of the complaint on September 6, 2022, and filed a notice of appearance on September 21, 2022. After Beadz Brothers' initial motion to dismiss was denied, it filed an answer on December 23, 2022, and it moved for summary judgment on January 17, 2023. Two months after Beadz Brothers filed its motion for summary judgment, in March 2023, Johnson opposed the motion and, for the first time, sent discovery requests to Beadz Brothers. While the case had been pending for a relatively short time, the district court denied Johnson's request for a continuance under Rule 56(d) because he failed to articulate specific reasons why a continuance was necessary under these circumstances or explain why no steps were taken earlier to send discovery requests to Beadz Brothers.

The court did not abuse its discretion when it denied Johnson's request for a continuance. We acknowledge that Johnson was facing a short timeframe in which to propound discovery. However, nothing in the Idaho Rules of Civil Procedure prevented him from sending discovery requests to Beadz Brothers upon commencing litigation or at any time prior to Beadz Brothers' motion for summary judgment. Furthermore, the court had discretion to deny Johnson's request because Johnson failed to detail what facts he expected to obtain through additional discovery that would prevent summary judgment in favor of Beadz Brothers. *See Jenkins*, 141 Idaho at 239, 108 P.3d at 386. The district court's decision shows that it acted within the outer boundaries of its discretion, consistent with the legal standards applicable to the specific choices available to it and

7

reached its decision through an exercise of reason. Under the circumstances, the district court did not err when it denied Johnson's request for a continuance.

**B. The district court did not err when it excluded most of Johnson's proposed exhibits because they lacked foundation, were irrelevant, or contained inadmissible hearsay.**

The district court largely granted Beadz Brothers' motion to strike Johnson's proposed exhibits, excluding many of them because the "exhibits are not in affidavit form, no facts are sworn to, and there is no foundation for their admission." The district court excluded Exhibit 12, the police report, because Johnson failed to lay foundation for its admission as a business record or a public record and "[t]he document [was] not sworn to[.]" The court excluded Exhibit 17, a citation and letters from OSHA, because the "exhibit is not in affidavit form, no facts are sworn to, and there is no foundation for its admission." The court noted that "the information contained in the exhibit appears to be from after the date of incident and [Johnson] has not shown how this is relevant."

Johnson argues that the district court erred when it excluded or limited consideration of all his proposed exhibits, Exhibits 1 through 19. Most of the parties' arguments on appeal focus on Exhibit 12, the police report, and Exhibit 17, the OSHA documents. Johnson's main argument with respect to the remaining exhibits is that the district court struck them because they were not attached to an affidavit. We discuss each argument below.

*1. The district court did not err when it struck Exhibit 12, the police report, because it was inadmissible as a public record under Idaho Rule of Evidence 803(8)(A)(ii)(b).*

Johnson challenges the district court's decision to exclude the police report on various bases. He argues for the first time on appeal that the police report was admissible as a self-authenticating document under Idaho Rule of Evidence 902(1) because it "bears the official seal of Elmore County and is signed by a deputy of the County Sheriff's office acting in his official capacity on its behalf." He maintains the police report is admissible as a public record or a business record under Rules 803(8) or 803(6), respectively. He further contends that Jordan Beadz's and Chance Beadz's individual statements contained within the police report are admissible as statements of a party opponent under Rule 801(d)(2). Beadz Brothers counters that the district court did not abuse its discretion when it excluded the police report because it contained "inadmissible hearsay." For the reasons set forth below, we affirm the district court's decision because the police report was not authenticated under Rule 902(1) and is inadmissible under Rule 803(8).

8

Initially, we note that Johnson did not preserve his argument that the police report is a self-authenticating document under Rule 902(1); however, even if that argument were preserved, it would not lead to a different result. "Authentication or identification of documentary evidence is a condition precedent to its admissibility." *Shea v. Kevic Corp.*, 156 Idaho 540, 546, 328 P.3d 520, 526 (2014) (quoting *Harris, Inc. v. Foxhollow Constr. & Trucking, Inc.*, 151 Idaho 761, 770, 264 P.3d 400, 409 (2011)). "The 'authentication' of a document means producing evidence 'sufficient to support a finding that the item is what the proponent claims it is.'" *Sankey v. Ivey*, 172 Idaho 574, 585, 535 P.3d 198, 209 (2023) (quoting I.R.E. 901(a)). "Public records that bear a state seal and are signed are self-authenticating." *Dep't of Fin., Sec. Bureau v. Zaringar*, 167 Idaho 611, 626, 474 P.3d 683, 698 (2020) (citing I.R.E. 902(1)). "Thus, these records 'require no extrinsic evidence of authenticity in order to be admitted.'" *Id.* (quoting I.R.E. 902). "A 'self-authenticating' document, however, is not necessarily an admissible document." *Sankey*, 172 Idaho at 585, 535 P.3d at 209. Here, although Johnson contends that the police report contains the Elmore County seal, it does not. The police report contains an image of a badge that represents the Elmore County Sheriff's Office. Thus, even though the police report appears to be signed by an Elmore County Sheriff's deputy, the document does not satisfy Rule 902(1). As a result, the police report is not self-authenticating under Rule 902(1) and, therefore, Johnson was required to submit extrinsic evidence of the report's authenticity as a prerequisite to its admission. *See Shea*, 156 Idaho at 546, 328 P.3d at 526.

We further note that there is a difference between *authentication* of a document and its *admissibility*. *See Sankey*, 172 Idaho at 585, 535 P.3d at 209. Even if Johnson were able to authenticate the police report, it would still be inadmissible because the report is specifically excluded by Rule 803(8)(A)(ii)(b). Idaho Rule of Evidence 803(8), containing the public records exception to the hearsay rule, excludes police reports from the public records exception to the hearsay rule:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> . . . .
>
> (8) Public Records. A record or statement of a public office if:
>
>     (A) It sets out:
>
>         i.   the office's regularly recorded and regularly conducted activities; or

9

ii. a matter observed while under a legal duty to report, or factual findings resulting from an investigation conducted under legal authority, *but not including:*

. . . .

(b) an investigative report by law enforcement personnel *or a public office's factual finding resulting from a special investigation of a particular complaint, case, or incident, except when offered by an accused in a criminal case*[.]

I.R.E. 803(8)(A)(ii)(b) (emphasis added). The plain language of Rule 803(8)(A)(ii)(b) excludes police reports from admission except when offered by an accused in a criminal case. *See Fragnella v. Petrovich*, 153 Idaho 266, 275, 281 P.3d 103, 112 (2012) (holding that a police report was inadmissible under the catch-all exception to hearsay); *State v. Sandoval-Tena*, 138 Idaho 908, 912, 71 P.3d 1055, 1059 (2003) (holding that a police report is inadmissible under both the public records exception and the business records exception to the hearsay rule). Our rationale for declining to consider police reports under other exceptions to the hearsay rule is that if this Court were to admit a police report under another rule, "[t]he effect of the exclusion under [Rule] 803(8) would be meaningless . . . ." *Sandoval-Tena*, 138 Idaho at 912, 71 P.3d at 1059. In other words, applying such an exception would eviscerate the rule. *See Fragnella*, 153 Idaho at 275, 281 P.3d at 112. Exhibit 12 is a police report, and it is not being offered by an accused in a criminal case. As a result, Exhibit 12 is inadmissible as a public record under Rule 803(8)(A)(ii)(b).

For these reasons, we affirm the district court's decision to exclude Exhibit 12 because it was not authenticated, and it is inadmissible under the public records exception to the hearsay rule. Given this result, we need not address Johnson's argument that Jordan Beadz's and Chance Beadz's statements were admissible under Rule 801(d)(2).

*2. Any error in striking Exhibit 17 was harmless.*

Johnson argues that the district court erred when it struck the OSHA Citation and Notification of Penalty and a December 31, 2020, cover letter transmitting the citation in Exhibit 17. Johnson maintains, for the first time on appeal, that the OSHA citation is admissible as a self-authenticating document because it bears "the official seal of the U.S. Department of Labor" and is signed by the area director of OSHA. Johnson further argues that the OSHA citation and cover letter were admissible under the business records exception or the public records exception "[b]ecause OSHA records constitute factual findings from a legally authorized investigation by a public office." In response, Beadz Brothers argues that Exhibit 17 failed to raise any genuine issue

of material fact because the letter only "explain[ed] the known facts about the accident in which [Colby] was involved . . . ." For the reasons set forth below, we conclude that any error of the district court in striking Exhibit 17 was harmless error.

"'On appeal, it is not sufficient simply to show error' in a ruling to admit or exclude evidence." *Martinez v. Carretero*, 173 Idaho 87, 98, 539 P.3d 565, 576 (2023) (quoting *Reed v. Reed*, 160 Idaho 772, 775, 379 P.3d 1042, 1045 (2016)). "A party alleging error must also show that the error affected the party's substantial rights." *Id.* (citations omitted); *see also* I.R.E 103(a). "A right is substantial if it could affect the outcome of litigation." *Bromund v. Bromund*, 167 Idaho 925, 932, 477 P.3d 979, 986 (2020) (citing *Fonseca v. Corral Agric., Inc.*, 156 Idaho 142, 149, 321 P.3d 692, 699 (2014), *abrogated on other grounds by Sims v. Jacobson*, 157 Idaho 980, 342 P.3d 907 (2015)).

"Generally, the Idaho worker's compensation law provides the exclusive remedy for injuries arising out of and in the course of employment." *Hickman v. Boomers, LLC*, 174 Idaho 1048, 1056, 554 P.3d 99, 107 (2024) (quoting *Kearney v. Denker*, 114 Idaho 755, 757, 760 P.2d 1171, 1173 (1988)). "This exclusive remedy rule 'limits an injured worker's remedy to worker's compensation benefits when the worker sustains an injury that arises out of and is in the course of employment.'" *Id.* (quoting *Smith v. Excel Fabrication, LLC*, 172 Idaho 725, 729, 535 P.3d 1098, 1102 (2023)). "[T[he law provides an exception to this rule for 'willful or unprovoked physical aggression' pursuant to Idaho Code section 72-209(3)." *Id.* (citation omitted). This exception applies when "the employer, its officers, agents, servants, or employees either specifically intended to harm the employee or engaged in conduct knowing that injury or death to the employee was substantially likely to occur." I.C. § 72-209(3). Therefore, when an injured employee files a tort claim arising out of and in the course of employment, summary judgment is appropriate when the employee fails to raise a genuine issue of material fact as to the employer's specific intent to harm the employee or knowledge that injury or death to the employee was substantially likely to occur under the "unprovoked physical aggression" exception. *Arellano v. Sunrise Homes, Inc.*, 175 Idaho 627, ___, 569 P.3d 129, 133–34 (2025).

Relevant to this case, Exhibit 17 contains two OSHA citations issued against Beadz Brothers for failing to provide proper equipment instructions and servicing hazardous machinery while the machinery was left running. These citations provide in pertinent part:

Citation 1  Item  1  a          Type of Violation: **Serious**

29 CFR 1928.57(a)(6)(iii): Instruction was not provided to stop engine, disconnect the power source, and wait for all machine movement to stop before servicing, adjusting, cleaning, or unclogging the equipment.

a) Various field locations: On or about August 18, 2020 and at times prior to, Beadz Brothers Farms had not provided sufficient equipment safety training to its employees, including on the process of cleaning, unclogging or unsticking the potato hauling equipment, specifically the Double LL, Goldline series, self-unloading bed.

. . . .

Citation 1  Item 1  b          Type of Violation: **Serious**

29 CFR 1928.57(a)(11): Whenever a moving machinery part presents a hazard during servicing or maintenance, the engine was not stopped, the power source disconnected, and all machine movement stopped before servicing or maintenance was performed:

a) Various field locations: On or about August 18, 2020 and at times prior to, the conveyor system for the Double LL, Goldline series, self-unloading bed, was left running while an employee used a crowbar on the belt resulting in the employee being pulled into the running belt.

(Emphasis in original.)

These citations are insufficient to raise a genuine issue of material fact that would take this case outside the realm of the exclusive remedy rule. Again, the relevant question is whether Beadz Brothers specifically intended Colby harm or "engaged in conduct knowing that injury or death . . . was substantially likely to occur." I.C. § 72-209(3). In viewing this evidence in the light most favorable to Johnson, we conclude that these citations, by themselves, do not raise a genuine issue of material fact as to Beadz Brothers' intent to harm Colby or its knowledge that injury or death was substantially likely to occur. Instead, the citations only support a finding that Beadz Brothers was negligent. However, "negligence—no matter how gross—is insufficient to trigger the exclusivity exception under section 72-209(3)." *Hickman*, 174 Idaho at 1058, 554 P.3d at 109 (citation omitted) (discussing the version of section 72-209(3) that existed prior to its 2020 amendment). Therefore, even if the district court erred by excluding this evidence, Johnson cannot establish that this error affected a substantial right, which is dispositive of this issue. *See Martinez*, 539 P.3d at 576, 173 Idaho at 98.

   3. *The district court did not err when it struck Johnson's remaining exhibits because they lacked foundation, were irrelevant, or contained inadmissible hearsay.*

The district court struck Exhibits 2 through 11, which contained multiple transfers of title of the truck, because they lacked foundation. The court struck Exhibits 13 through 16, which

12

included various articles of incorporation and other documents related to other defendants and were irrelevant to the issues raised by Beadz Brothers' motion for summary judgment. The court struck Exhibit 18, which contained photographs of the scene of the accident, because the exhibit lacked foundation. Finally, the court struck Exhibit 19, an affidavit from a paralegal on Johnson's legal team that recounted her conversation with an employee of another defendant in the case, because it contained "inadmissible hearsay."

Johnson argues that the district court "acted outside the bounds of its discretion, failed to act consistently with the legal standards applicable to the specific choices available to it, and did not reach its decision by the exercise of reason." He contends that "[t]he district court excluded virtually all evidence offered by Harry Johnson that was not attached to an affidavit," and "applied this reasoning to exclude even domestic public documents that are signed and sealed, and thus are self-authenticating, requiring no extrinsic evidence of authenticity in order to be admitted . . . ." Johnson argues that Rule 56 "does not require that all summary judgment evidence be sworn or attached to an affidavit," noting that the rule allows the trial court to "consider depositions, documents, electronically stored information, affidavits, or declarations . . . admissions, interrogatory answers, *or other materials*." (Alteration in original.) He maintains that the district court applied the wrong standard by "excluding evidence for the sole reason that it was not attached to an affidavit."

We disagree with Johnson's reading of the district court's order. Although the district court did emphasize that Johnson's proposed exhibits were frequently not attached to an affidavit, in our view, the district court excluded the proposed exhibits primarily because they lacked foundation or were irrelevant, or in some instances contained inadmissible hearsay. "Summary judgment proceedings are decided on the basis of admissible evidence." *Oswald v. Costco Wholesale Corp.*, 167 Idaho 540, 564, 473 P.3d 809, 833 (2020) (quoting *Campbell v. Kvamme*, 155 Idaho 692, 696, 316 P.3d 104, 108 (2013)). Thus, a party may object when "material cited to support or dispute a fact is not admissible in evidence . . . ." I.R.C.P. 56(c)(2). Here, Johnson offered these exhibits without explanation and did not lay adequate foundation for their admission. He did not establish the relevancy of the multiple transfers of title or the articles of incorporation and advertising materials *for other defendants* to the issues raised by Beadz Brothers' motion for summary judgment. Although the photographs from the scene of the accident may be relevant in the broader context of the litigation, Johnson did not demonstrate their relevance to the issues presented by the

13

summary judgment motion, and Johnson did not lay foundation for their admission. The affidavit recounting the paralegal's conversation with an employee from another defendant is textbook hearsay within hearsay, and Johnson failed to establish that the exhibit fell within an exception to the rule against hearsay, much less how that exhibit was relevant to his case against Beadz Brothers. Thus, we hold the district court did not err when it struck Exhibits 2 through 11, 13 through 16, or 18 and 19.

### C. The district court erred when it considered Beadz Brothers' Exhibits B and C because they lacked foundation and did not satisfy the business records exception.

Beadz Brothers submitted proposed exhibits in support of their motion for summary judgment, which included Johnson's responses to interrogatories propounded by a separate defendant regarding Colby's employment (Exhibit A); a copy of Colby's W-2 forms for the years 2019 and 2020 (Exhibit B); and copies of records from the Idaho Industrial Commission (Exhibit C). Johnson objected to all three exhibits below. The district court considered all three exhibits for the purpose of establishing Colby's employment status. Johnson argues on appeal that the district court erred by considering the exhibits. We discuss each exhibit below.

*1. The district court did not err when it considered Exhibit A in connection with Beadz Brothers' motion for summary judgment.*

The district court noted that Exhibit A (Johnson's responses to interrogatories) was offered by Beadz Brothers "in support of their claim that [Colby] was their employee." The court determined Exhibit A was "admissible for the purpose of this court considering [Johnson's] answer to Interrogatory 6, which reads in pertinent part 'Please identify the decedent's, Colby Johnson, length of employment with codefendant Beadz Brothers . . . .'" Johnson responded, "[Colby] was employed 6 months prior to the incident that occurred on August 18, 2020." The district court noted later in its decision that "Exhibit A clearly shows that [Colby] was an employee of Beadz [Brothers] during 2020."

Johnson argues that the district court erred when it considered Exhibit A because the district court "abused its discretion in relying on Harry Johnson's interrogatory answer to find that his son, Colby, was an employee of Beadz Brothers." Johnson maintains that his answer to Interrogatory No. 6 does not "identify Beadz Brothers (or any entity) as his son's 'employer,'" and there is no evidence that he used the term "employer" in his response as it is understood in worker's compensation law. Johnson maintains that the district court "erred in making a number of unjustified inferences and some lapses in reasoning in favor of the moving party, and ignore[d]

14

what the proffered evidence actually says." Beadz Brothers did not respond to this argument on appeal.

Although Johnson contends the district court erred, when the interrogatory and Johnson's response to it were considered together, Johnson's answer was that Colby was employed by Beadz Brothers for the six months before his death. We note that Johnson's attorney clarified at oral argument that Colby *was* employed by Beadz Brothers at some point before his accident. Johnson nevertheless maintained his position that Colby may have acted outside the course and scope of his employment at the time of his accident. We hold that the district court did not err when it considered Exhibit A as evidence of Colby's employment.

2. *The district court erred when in considered Exhibits B and C because Beadz Brothers failed to lay adequate foundation for the exhibits.*

Johnson objected to Exhibits B (W-2 records) and C (Idaho Industrial Commission records) below, arguing they lacked foundation and did not satisfy the business records exception to the rule against hearsay. Beadz Brothers responded by noting that Exhibit B was "a business record regularly kept by Beadz Brothers," and that it was "self-authenticating as a business record." The district court determined that the declaration by Beadz Brothers' counsel, in which he asserted the W-2 forms were "true and correct copies," provided "sufficient basis and indicia of reliability for considering [Exhibit B] for the limited purpose of supporting the claim that [Colby] was an employee of Beadz [Brothers]." Beadz Brothers' counsel made similar assertions about Exhibit C, that the records from the Idaho Industrial Commission were "true and correct copies." Beadz Brothers argued that the records from the Idaho Industrial Commission were "self-authenticating" and admissible. The district court considered Exhibit C "for the limited purposes of showing [Colby] was an employee of Beadz [Brothers], and that the Industrial Commission entered an Order for Payment of Compensation for the death of Colby Johnson in a 'compensable industrial accident' where Beadz Brothers was the listed defendant/employer."

On appeal, Johnson argues the district court erred when it considered these exhibits because "the affidavit supplied by Beadz Brothers did not meet the requirements of Idaho Rule of Civil Procedure 56(c)(4)." With respect to Exhibit B, Johnson maintains that the affidavit of counsel was not based on "personal knowledge," and Beadz Brothers did not lay adequate foundation for the W-2 forms to satisfy the business records exception. Beadz Brothers did not respond to Johnson's argument on appeal.

"The general requirements for the admission of business records are that the documents be 'produced in the ordinary course of business, at or near the time of occurrence and not in anticipation of trial.'" *Hurtado v. Land O'Lakes, Inc.*, 147 Idaho 813, 815, 215 P.3d 533, 535 (2009) (quoting *Beco Corp. v. Roberts & Sons Constr. Co.*, 114 Idaho 704, 711, 760 P.2d 1120, 1127 (1988), *overruled on other grounds by Houghland Farms, Inc. v. Johnson*, 119 Idaho 72, 803 P.2d 978 (1990)). "These foundational requirements 'supply the degree of trustworthiness necessary to justify an exception to the rule against hearsay.'" *Id.* (quoting *Beco Corp.*, 114 Idaho at 711, 760 P.2d at 1127). The business records exception applies to documents that satisfy the following requirements:

> (A)  the record was made at or near the time by – or from information transmitted by – someone with knowledge;
>
> (B)  the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C)  making the record was a regular practice of that activity;
>
> (D)  all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12); and
>
> (E)  the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

I.R.E. 803(6). Under this rule, the documents "need not be authenticated by the person who made the records, but it is necessary that the records be authenticated by a person who has custody of the record as a regular part of his or her work or who has supervision of its creation." *Shea v. Kevic Corp.*, 156 Idaho 540, 547, 328 P.3d 520, 527 (2014) (quoting *Henderson v. Smith*, 128 Idaho 444, 450, 915 P.2d 6, 12 (1996)).

> In this case, Beadz Brothers' declaration of counsel provided the following:
>
> 1.  I am over the age of eighteen, of sound mind and have sufficient knowledge to make this declaration and do so based on my own personal knowledge. I am counsel of record for Defendant, Beadz Brothers Farms.
>
> . . . .
>
> 3.  Attached hereto as **Exhibit B** are true and correct copies of decedent Colby Johnson's W-2 tax forms from the years 2019 and 2020.

(Bolding in original.) Beadz Brothers presented insufficient evidence to qualify the W-2 forms under the business records exception. There is no testimony that the W-2 forms were produced in the ordinary course of business or that the forms were kept in the regular course of business. There is no testimony from the custodian of record, and Beadz Brothers' counsel did not establish that

he was "another qualified witness" as required by the rule. Further, an affidavit used to support a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." I.R.C.P. 56(c)(4). There is no testimony to establish that Beadz Brothers' counsel was competent to testify as to the veracity or reliability of the W-2 forms. As a result, the district court erred when it considered Exhibit B as evidence of Colby's employment status because the exhibit did not satisfy the business records exception to the hearsay rule.

Along the same lines, Exhibit C does not satisfy the requirements for the business records exception. The declaration of counsel stated: "Attached hereto as **Exhibit C** are true and correct copies of records from the Idaho Industrial Commission." (Bolding in original.) There is no testimony that the records from the Industrial Commission were produced or kept in the ordinary course of business. There is no testimony from the custodian of records for the Industrial Commission, or any testimony from Beadz Brothers' counsel that shows he is "another qualified witness." As a result, the district court erred when it considered Exhibit C as evidence of Colby's employment status and as evidence his death was a "compensable industrial accident."

Although the district court erred when it considered these exhibits, this does not require reversal or remand because summary judgment in Beadz Brothers' favor was still appropriate, as we discuss next.

**D. Summary judgment in favor of Beadz Brothers was appropriate.**

*1. The district court did not err when it determined that workers' compensation law applied to Johnson's claims.*

The district court determined that Johnson had failed to raise a genuine dispute of material fact regarding Colby's employment status. The court explained that Johnson's "answer to Interrogatory [No.] 6 establishes that [Colby] was an employee of Beadz [Brothers] in 2020," and that "[n]o admissible evidence has been provided by [Johnson] to create a material issue of fact otherwise." The district court found "that an employer/employee relationship existed between Beadz Brothers and [Colby]." The court explained that "[i]t is uncontroverted that at the time of the injury, Colby Johnson was operating a truck at Beadz Brothers Farm[s]" and it determined "that [Colby's] injuries occurred in the course and scope of his employment."

Johnson argues that the district court erred because "the court failed to apply the correct legal standard for determining employee status under Idaho law." He maintains that the district court should have applied the four-factor test from *State ex rel. Industrial Commission v. Sky Down*

17

*Skydiving, LLC*, 166 Idaho 564, 462 P.3d 92 (2020), to determine Colby's employment status. Beadz Brothers counters that Johnson presented "no evidence, even among the exhibits barred from admission by the district court, that created a dispute over [Colby's] employment status." They argue that the record shows that Colby's accident "occurred on his employer's farm before [he] had left his workplace for the day," and that it happened "in the course of his employment because . . . he was working, in connection with his employment, and reasonably located at the same time and place as his employment."

Generally, "when a doubt exists as to whether an individual is an employee or an independent contractor under the [Worker's Compensation Law], the [Law] must be given a liberal construction in favor of finding the relationship of employer and employee." *Sky Down Skydiving, LLC*, 166 Idaho at 571, 462 P.3d at 99 (quoting *Burdick v. Thornton*, 109 Idaho 869, 871, 712 P.2d 570, 572 (1985)). The *Sky Down Skydiving* case involved an appeal by the Industrial Commission from a magistrate court decision, arising from the Commission's investigation into an employer for failing to carry worker's compensation insurance. *Id.* at 569, 462 P.3d at 97. The employer introduced evidence of independent contractor agreements for its workers to support its argument that its workers were independent contractors, and as a result, it claimed it did not need to carry insurance. *Id.* We explained that "[w]hether a worker is an independent contractor or employee is a question of fact, determined 'on a case-by-case basis from full consideration of the facts and circumstances.'" *Id.* at 571, 462 P.3d at 99 (quoting *Shriner v. Rausch*, 141 Idaho 228, 231, 108 P.3d 375, 378 (2005)). This court ultimately remanded the case to the magistrate court because it misapplied the right to control test. *Id.* at 574–75, 462 P.3d at 102–03.

Johnson's reliance on *Sky Down Skydiving* is unavailing. In contrast to the employer in *Sky Down Skydiving*, Johnson did not submit any evidence of Colby's status as an independent contractor, only argument. Johnson's answer to Interrogatory No. 6 adequately supported the district court's determination that there was no genuine dispute over Colby's employment status given that Johnson failed to introduce any other admissible evidence to cast doubt on Colby's status as a Beadz Brothers employee. Even if the district court erroneously relied on Exhibits B and C as well, we agree with the district court that Johnson failed to raise more than a "scintilla" of evidence that Colby was anything other than a Beadz Brothers employee. *See Hickman v. Boomers, LLC*, 174 Idaho 1048, 1054, 554 P.3d 99, 105 (2024).

With respect to Johnson's argument that Colby was not acting within the course or scope of his employment, we note that Johnson did not present admissible evidence to support that contention. Johnson based his argument that Colby was acting outside of the course or scope of his employment largely on the police report, which constituted inadmissible hearsay. He did not present any other admissible evidence that Colby was acting outside the course or scope of his employment at the time of the accident.

   2. *The district court did not err when it determined that the "unprovoked physical aggression" exception did not apply in this case.*

When an employee dies or is injured on the job, Idaho's Worker's Compensation Law generally limits the employee's recovery to worker's compensation. This is otherwise known as the exclusive remedy rule. *See* I.C. § 72-209(1). This rule provides employers with "protection from additional tort liability," *Fulfer v. Sorrento Lactalis, Inc.*, 171 Idaho 296, 304, 520 P.3d 708, 716 (2022), while providing injured workers "sure and certain relief[,]" *Marek v. Hecla, Ltd.*, 161 Idaho 211, 215, 384 P.3d 975, 979 (2016). There is an exception to the exclusive remedy rule for injuries that are the result of "willful or unprovoked physical aggression" by the employer. *Fulfer*, 171 Idaho at 304, 520 P.3d at 716; I.C. § 72-209(3). The "willful or unprovoked physical aggression" exception allows an injured worker to pursue tort claims in addition to worker's compensation. *Fulfer*, 171 Idaho at 304, 520 P.3d at 716. Generally, the employee has the burden of showing that the exception applies. *Id.* Negligence, "no matter how gross," will not trigger the exception. *Id.* (quoting *Gomez v. Crookham Co.*, 166 Idaho 249, 257–58, 457 P.3d 901, 909–10 (2020), *superseded by statute*, I.C. § 72-209(3), *as stated in*, *Fulfer*, 171 Idaho at 298 n.1, 520 P.3d at 710 n.1). Idaho Code section 72-209(3) explains that the exclusive remedy rule does not apply

> where the injury or death is proximately caused by the willful or unprovoked physical aggression of the employer, its officers, agents, servants or employees, which physical aggression must include clear and convincing evidence the employer, its officers, agents, servants, or employees either specifically intended to harm the employee or engaged in conduct knowing that injury or death to the employee was substantially likely to occur.

I.C. § 72-209(3).

We recently explained in *Arellano v. Sunrise Homes, Inc.*, 175 Idaho 627, ___, 569 P.3d 129, 133–34 (2025), that summary judgment was appropriate when the employee failed to raise a genuine issue of material fact as to the employer's *knowledge* that injury or death to the employee was substantially likely to occur under the "unprovoked physical aggression" exception. In that

case, the employee was injured after falling from the roof of a shop while he was working as a roofer. *Id.* at ___, 569 P.3d at 131. He argued that the employer knew his injury was substantially likely to occur based on OSHA guidelines, but he was unable to show that the employer had knowledge of the specific OHSA guidelines related to fall protection equipment. *Id.* We determined that the employee had not raised a genuine issue of material fact as to his employer's knowledge that would remove his claims from the realm of worker's compensation. *Id.* at ___, 569 P.3d at 135. We held that summary judgment in favor of the employer was appropriate because the exclusive remedy rule applied to bar the employee's claims. *Id.* at ___, 569 P.3d at 135–36.

In this case, Johnson did not introduce any admissible evidence on summary judgment that indicated Beadz Brothers had knowledge that Colby's operation of the truck and self-unloading bed was substantially likely to result in his death. As the district court noted, "[n]othing in the record indicates that Beadz Brothers, its agents or employees acted in such a manner towards Johnson amounting to an act of unprovoked physical aggression." As a result, summary judgment in favor of Beadz Brothers is appropriate because Johnson was unable to show that the "unprovoked physical aggression" exception applied to remove his claims from the realm of worker's compensation.

### E. Attorney fees on appeal.

Beadz Brothers seeks an award of attorney fees on appeal under Idaho Code section 12-121. It claims that Johnson's arguments on appeal "remain based upon the same unsupported assertions, conclusory statements, and mischaracterizations of Idaho Workers' [sic] Compensation [L]aw that he introduced at hearing." Beadz Brothers maintains that Johnson's appeal is "frivolous, unreasonable, and without foundation."

Generally, "attorney fees are not awardable as a matter of right." *Idaho Mil. Hist. Soc'y, Inc. v. Maslen*, 156 Idaho 624, 632, 329 P.3d 1072, 1080 (2014). Idaho Code section 12-121 provides for attorney fees on appeal to the prevailing party "if the Court believes that the proceeding was brought, pursued, or defended frivolously, unreasonably or without foundation." *Kelly v. Kelly*, 171 Idaho 27, 49, 518 P.3d 326, 348 (2022) (citation omitted). Fees under this section are also warranted "if the appeal merely invites the Court to second-guess the findings of the lower court." *Millard v. Talburt*, 173 Idaho 533, 550, 544 P.3d 748, 765 (2024) (quoting *Erickson v. Erickson*, 171 Idaho 352, 371, 521 P.3d 1089, 1108 (2022)). Generally, "[w]here both parties prevail in part on appeal, this Court does not award attorney fees to either party." *AgStar*

*Fin. Servs., ACA v. Nw. Sand & Gravel, Inc.*, 168 Idaho 358, 374, 483 P.3d 415, 431 (2021) (quoting *Hurtado v. Land O'Lakes, Inc.*, 153 Idaho 13, 23, 278 P.3d 415, 425 (2012)).

In this case, we decline to award attorney fees on appeal under Idaho Code section 12-121. Johnson raised legitimate issues on appeal regarding the district court's decisions, and although those issues did not ultimately lead to a different result, we hold that he did not pursue this appeal frivolously, unreasonably or without foundation.

## V.    CONCLUSION

For the above-stated reasons, the district court's order granting summary judgment in favor of the Beadz Brothers is affirmed. We decline to award attorney fees on appeal. Costs are awarded to Beadz Brothers as a matter of course. I.A.R. 40(a).

Chief Justice BEVAN and Justices BRODY, MOELLER, and ZAHN CONCUR.